UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NILSA FRANCO,

                                    Plaintiff,         Case No:

    -against-

                                                          **COMPLAINT**

ADA DIAZ, JULIO DIAZ and MAXIMINA VARGAS,

                                 Defendants.
-------------------------------------------------------------------X

The Plaintiff, by her attorneys, Alice Davis and Catholic Migration Services, states and alleges as follows:

## PRELIMINARY STATEMENT

1. This case is brought under the Trafficking Victims Protection Reauthorization Act, as well as federal and state employment laws, in order to seek unpaid wages and damages due to Plaintiff Nilsa Franco, a victim of labor trafficking.

2. Plaintiff was living in Paraguay when her aunt, Defendant Maximina Vargas, induced Plaintiff to come to the United States to work for Plaintiff's cousin, Defendant Ada Diaz and her husband, Defendant Julio Diaz, as a domestic servant and nanny.

3. Shortly after Plaintiff arrived at Defendants Ada Diaz and Julio Diaz's home in Woodside, New York, Defendant Maximina Vargas confiscated Plaintiff's passport.

4. For over 6 years, Plaintiff was forced to work long hours for approximately $2 per hour. Plaintiff was systematically isolated from the larger community. Plaintiff was subject to verbal and physical abuse, and threats of deportation if her work was deemed unsatisfactory.

5. Plaintiff fled Defendants' home in 2013. Defendant Maximina Vargas continues to harass Plaintiff by contacting relatives in Paraguay and Argentina, to convey death threats to Plaintiff.

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. Section 1589, et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiff

9. Plaintiff, Nilsa Franco, is a citizen of Paraguay who resides in the State of New York.

10. Plaintiff's first language is Guarani, an indigenous language spoken in Paraguay. Plaintiff also speaks Spanish, but is unable to speak any English.

11. At all times relevant to this action, Plaintiff worked in Defendants' home as a domestic servant and caretaker of Defendants Ada Diaz and Julio Diaz's three young children.

### Defendants

12. At all times relevant to this action, Defendant Ada Diaz was a resident of New York, residing in Queens County, and upon information and belief, currently resides there.

13. At all times relevant to this action, Defendant Julio Diaz was a resident of New York, residing in Queens County, and upon information and belief, currently resides there.

14. At all times relevant to this action, Defendant Maximina Vargas was a resident of New York, residing in Queens County, and upon information and belief, currently resides there.

15. At all times relevant to this action, Defendant Ada Diaz and Defendant Julio Diaz were spouses, and upon information and belief, currently maintain that status.

16. At all times relevant to this action, Defendant Ada Diaz had the power to hire and fire Plaintiff, establish her wages, set her work schedule, assign her job duties, and maintain records of her employment. Defendant Ada Diaz determined what tasks Plaintiff had to complete, and criticized Plaintiff when these tasks were not performed to Defendant Ada Diaz's satisfaction. Defendant Ada Diaz paid Plaintiff her wages at the end of each month.

17. At all times relevant to this action, Defendant Julio Diaz had the power to hire and fire Plaintiff, establish her wages, set her work schedule, assign her job duties, and maintain records of her employment.

18. At all times relevant to this action, Defendant Ada Diaz was Plaintiff's employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

19. At all times relevant to this action, Defendant Julio Diaz was Plaintiff's employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

## FACTS

### Background:

20. Plaintiff Nilsa Franco is a Paraguayan national. Until 2007, Plaintiff lived in Fernando de la Mora, in the greater metropolitan area of the capital city of Gran Asuncion, and was employed as a housekeeper.

21. On or around December 2006 or January 2007, Defendant Maximina Vargas, Plaintiff's aunt, contacted Plaintiff's parents to offer Plaintiff an opportunity to work in the United States.

22. Defendants Maximina Vargas, Ada Diaz, and Julio Diaz, assisted Plaintiff in obtaining a visa to come to the United States to work as a domestic worker and the caretaker of the Diaz's infant son.

23. Defendants paid all fees related Plaintiff's visa and travel to the United States.

24. Defendant Maximina Vargas, Defendant Ada Diaz, and Defendant Julio Diaz agreed that Plaintiff would live with the Diaz family and be paid a monthly salary.

25. Plaintiff entered the United States on a visa in April 2007 and began working for Defendants Ada Diaz and Julio Diaz.

26. Approximately two months later, Defendant Maximina Vargas asked for Plaintiff's passport on the pretense of needing to show it to an immigration attorney.

27. Plaintiff immediately gave her passport to Defendant Maximina Vargas.

28. Defendant Ada Diaz never returned Plaintiff's passport.

29. When Plaintiff requested that it be returned, Defendant Ada Diaz told Plaintiff that it had never been out of Plaintiff's possession and that Plaintiff had lost it.

30. Defendant Maximina Vargas and Defendant Ada Diaz told Plaintiff that she could not obtain a new passport without presenting her old passport at the consulate and that this would create a risk of Plaintiff's deportation.

**Working Conditions:**

31. When Plaintiff began work in April 2007, her starting salary was $400 per month. She worked approximately 10 to 11 hours a day.

32. On or around September 17, 2007, the Diaz's second child was born. Around this time, Defendants Ada Diaz and Julio Diaz expanded Plaintiff's duties.

4

33. By the beginning of 2008, Plaintiff was working from the time she awoke, at 6 a.m., until the children were in bed at 8 p.m.

34. Plaintiff continued to work these hours for the duration of her employment.

35. Plaintiff's duties were to make both breakfast and dinner for the family, as well as lunch for the children. Plaintiff was responsible for doing the family's laundry, mopping and vacuuming the floors, washing the dishes, and cleaning up after the children. Plaintiff was also responsible for taking the children to and from school, and accompanying them to the park and playdates.

36. Plaintiff did not eat dinner with Defendants' family. Instead, Plaintiff ate in the kitchen after the family had finished their dinner.

37. Plaintiff was permitted to eat with the family only when the family had guests.

38. In addition to these duties, from 2008 to 2013, Defendants Ada Diaz and Julio Diaz frequently spent weekends at casinos in Atlantic City, leaving Plaintiff as the sole caretaker of their young children.

39. Starting in 2009, Plaintiff received a raise of $100 per month every January. In 2009, Plaintiff received $500 per month. In 2010, Plaintiff received $600 per month. In 2011, Plaintiff received $700 per month. In 2012, Plaintiff received $800 per month.

40. Plaintiff did not receive a raise in 2013, and continued to earn $800 per month.

**Abuse:**

41. When Defendant Maximina Vargas and Defendant Ada Diaz were dissatisfied with the quality of Plaintiff's work, they subjected Plaintiff to verbal abuse. Defendants frequently told Plaintiff, in substance, that she was stupid, that she could not do anything right, and that she was ungrateful for all Defendants had done for her.

5

42. Similarly, when during these confrontations, Defendant Maximina Vargas and Defendant Ada Diaz would threaten to call immigration authorities to have Plaintiff deported if Plaintiff's work did not meet their standards

43. Plaintiff, as a result of her fear, did not venture out of their immediate neighborhood in Woodside, NY.

44. In or around 2011, Plaintiff discovered a sign with the Department of Labor's phone number in the basement of the children's school. P.S. 150. Plaintiff wrote down the phone number with the intention of calling the listed telephone number to ask if her current wage rate was legal.

45. Before Plaintiff had an opportunity to call the phone number, Defendant Ada Diaz discovered the paper in Plaintiff's room, and confiscated it.

**Attempted Rape:**

46. In April 2012, Defendant Ada Diaz returned to Paraguay with her two older children, ages six and four and a half.  Plaintiff was left at home to care for the approximately five month old infant.

47. During Defendant Ada Diaz's absence, Defendant Julio Diaz attempted to rape Plaintiff.

48. Defendant Julio Diaz told Plaintiff that if she ever reported it, he would have her deported.

**Escape:**

49. On or around September 26, 2013, Plaintiff met one of her neighbors while doing the family's laundry at a local Laundromat.

50. The neighbor, after learning about Plaintiff's home life, became concerned about her safety.

51. Plaintiff's father, Defendant Maximina Vargas' brother and Defendant Ada Diaz's uncle, passed away on October 7, 2013.


52. Defendant Ada Diaz offered to pay for the funeral expenses.

53. On Sunday, October 27, 2013, at around 1 p.m., Plaintiff told Defendant Ada Diaz that Plaintiff intended to leave the house for the afternoon.

54. Defendant Ada Diaz grew irate, and confiscated Plaintiff's key.

55. Defendant Ada Diaz also informed Plaintiff that Defendants would not pay Plaintiff for the month of October at the end of the month. Defendant Ada Diaz told Plaintiff that this was because Plaintiff's father's funeral expenses had cost $1,000.

56. Plaintiff left Defendants' home after the altercation, and Plaintiff did not return that night.

57. Plaintiff returned to Defendants' home on Monday, October 28th, at around 5:30 a.m. in order to begin her work day. Plaintiff sent Defendant Ada Diaz a text message, to ask that the door be unlocked.

58. Defendant Ada Diaz confronted Plaintiff and, in substance, called her an ingrate, a prostitute, and made various other derogatory statements.

59. During the altercation, Defendant Ada Diaz pushed Plaintiff.

60. Defendant Ada Diaz confiscated Plaintiff's cellular phone.  Defendant Ada Diaz used the phone to call Plaintiff's friend, their neighbor, and tell him to stay away from Plaintiff.

61. After Defendant Ada Diaz left for work, Plaintiff met with the concerned neighbor and he brought her to the office of Catholic Migration Services, located in Sunnyside.  Plaintiff met with an attorney to ask for assistance in obtaining a police escort to leave Defendants' house, and with further assistance to obtain any wages owed to her.

62. That afternoon, Plaintiff returned home. Plaintiff's attorney went to the New York Police Department's 108th Precinct to report the need for a police escort.

63. That evening police officers came to Defendants' home and Plaintiff was able to leave Defendants Ada Diaz and Julio Diaz's home.

64. Plaintiff was not able to recover her passport before leaving Defendants Ada Diaz and Julio Diaz's home.

**Continued Threats:**

65. Defendant Maximina Vargas continued to threaten Plaintiff after she left the home of Defendants Ada Diaz and Julio Diaz.

66. On or around November 2013 Defendant Maximina Vargas returned to Paraguay and harassed Plaintiff's mother, telling her that Plaintiff "should be careful" if Plaintiff ever returns to Paraguay.

67. On or around December 15, 2013 Defendant Ada Diaz contacted Plaintiff's sister in Argentina, via Facebook message, and told her that Plaintiff's "end is near."

## FIRST CAUSE OF ACTION
**For Forced Labor Under the Trafficking Victims Protection Reauthorization Act
(All Defendants)**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

69. Under 18 USC § 1595, the Trafficking Victims Protection Reauthorization Act, victims of forced labor or sex the Act have a private right of action against those who violate a provision of Chapter.

70. Section 1589, the forced labor provision of the Act, makes liable anyone who "knowingly provides or obtains the labor or services of a person by (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2)

by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

71. Defendants knowingly obtained the labor of Plaintiff by means of the threatened abuse of law or legal process.

72. Defendants knowingly obtained the labor of Plaintiff by a scheme, plan, or pattern intended to cause Plaintiff to believe that, if she did not perform such labor, she would suffer serious harm or physical restraint.

## SECOND CAUSE OF ACTION
**For Trafficking into Involuntary Servitude or Forced Labor Under the Trafficking Victims Protection Reauthorization Act**
**(All Defendants)**

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

74. Under 18 USC § 1595, the Trafficking Victims Protection Reauthorization Act, victims of forced labor or sex the Act have a private right of action against those who violate a provision of Chapter.

75. Section 1590, the trafficking provision of the Act, makes liable "Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter."

76. Defendant Maximina Vargas knowingly recruited Plaintiff for labor in violation of the Act.

77. Defendants Ada Diaz and Julio Diaz knowingly obtained Plaintiff for labor in violation of the Act.

9

78. Due to Defendants' TVPA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

### THIRD CAUSE OF ACTION
**For Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor Under the Trafficking Victims Protection Reauthorization Act**
**(Defendant Maximina Vargas)**

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

80. Under 18 USC § 1595, the Trafficking Victims Protection Reauthorization Act, victims of forced labor or sex the Act have a private right of action against those who violate a provision of Chapter .

81. Section 1592 makes liable anyone who "knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person (1) in the course of a violation of section 1581, 1583, 1584, 1589, 1590, 1591, or 1594 (a); (2) with intent to violate section 1581, 1583, 1584, 1589, 1590, or 1591; or (3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000.

82. Defendant Maximina Vargas confiscated Plaintiff's passport in the course of violating section 1589 of the Act.

10

83. Defendant Maximina Vargas knowingly confiscated Plaintiff's passport in order to prevent, without lawful authority, Plaintiff's liberty to leave the Diaz's household in order to maintain Plaintiff's labor.

84. Due to Defendant's TVPA violations, Plaintiff is entitled to recover from Defendant damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Minimum Wage Under The FLSA
### (Defendants Ada Diaz and Julio Diaz)

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

86. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

87. Defendants failed to pay Plaintiff the applicable legal minimum hourly wage for all hours worked, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff the lawful minimum hourly wage was willful.

89. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## FIFTH CAUSE OF ACTION
### For Failure to Pay Minimum Wages Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

90. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

91. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

92. Defendants failed to pay Plaintiff at the applicable legal minimum hourly wage, in violation of the New York Labor Law § 652.

93. Defendants' failure to pay Plaintiff the lawful minimum hourly wage was willful.

94. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

### SIXTH CAUSE OF ACTION
### For Failure to Pay Overtime Wages Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

96. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

97. Defendants failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty-four hours per week, in violation of the New York Labor Law and accompanying regulations.

98. Defendants' failure to pay Plaintiff her lawful overtime wages was willful.

99. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CAUSE OF ACTION
### For Failure to Pay Spread of Hours Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

100. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

101. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

102. Defendants failed to pay Plaintiff an additional hour of pay at the minimum wage for each day Plaintiff worked a spread of hours in excess of 10 hours per day.

103. Defendants' failure to pay Plaintiff her lawful wages was willful.

104. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, her unpaid spread of hours wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## EIGHTH CAUSE OF ACTION
### For Failure to Pay Wages Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

106. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

107. Defendants failed to pay Plaintiff wages for all time worked.

108. Defendants' knowing and deliberate acts were in violation of New York Labor Law § 191(1)(a) and are actionable under New York Labor Law § 198.

109. Defendants' failure to pay Plaintiff for each hour worked, and failure to pay wages weekly and no later than seven calendar days after the week in which the wages were earned, was willful within the meaning of New York Labor Law § 198.

110. Defendants' failure to pay Plaintiff her lawful wages was willful.

111. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally during the periods in which they were employers, her unpaid wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

### NINTH CAUSE OF ACTION
### For Failure to Provide Notice at Payment Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

112. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

113. Defendants failed to provide Plaintiff, with each payment of wages, a written statement containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis thereof; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked, in violation of N.Y. Labor Law § 195(3).

114. Defendants' violations continued throughout Plaintiff's employment.

115. Due to Defendants' violations, Plaintiff is entitled to recover damages for each work week that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

## TENTH CAUSE OF ACTION
### For Intentional Infliction of Emotional Distress
### (All Defendants)

116. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

117. During the course of Plaintiff's employment, Defendants intentionally harassed and inflicted emotional injury on Plaintiff by subjecting her to outrageous treatment wherein Plaintiff was verbally, mentally and physically abused and was treated in a demeaning and inferior manner.

118. Defendants intentionally caused Plaintiff emotional distress by forcing her to serve as Defendants Ada Diaz and Julio Diaz's domestic worker; threatening to have the legal authorities take her into custody should she disobey Defendants' orders; prohibiting Plaintiff from establishing any relationship with people other than Defendant and their immediate family; monitoring her communications; and threatening to have her killed after she left their home.

119. Defendants' behavior to Plaintiff was so outrageous that it extended outside the bounds tolerated by society.

120. Defendants' actions caused Plaintiff severe distress.

121. Plaintiff is entitled to damages to be determined at trial.

## ELEVENTH CAUSE OF ACTION
### For Negligent Infliction of Emotional Distress
### (All Defendants)

122. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

123. Defendants directly owed Plaintiff a duty under the Thirteenth Amendment of the United States Constitution, 42 U.S.C. § 1994, 18 U.S.C. §§ 1581, 1584, and the law of nations that they breached by forcing Plaintiff to work against her will through the use of threats of serious harm and psychological, physical and legal coercion, subjected Plaintiff to conditions of forced labor, involuntary servitude, and enslavement.

124. Defendants breach of her duty directly owed to Plaintiff both unreasonably endangered Plaintiff's physical safety and caused Plaintiff to fear for her own safety.

125. Defendants negligently caused Plaintiff severe emotional distress by forcing her to serve as Defendants Ada Diaz and Julio Diaz's domestic worker; threatening to have the legal authorities take her into custody should she disobey Defendants' orders; prohibiting Plaintiff from establishing any relationship with people other than Defendant and their immediate family; monitoring her communications; and threatening to have her killed after she left their home.

126. Plaintiff is entitled to damages to be determined at trial.

### TWELFTH CAUSE OF ACTION
### For Battery
### (Defendants Ada Diaz and Julio Diaz)

127. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

128. Defendant Ada Diaz intentionally and offensively touched Plaintiff without her consent on or around October 28, 2013, when Defendant Ada Diaz shoved Plaintiff in retaliation for leaving the house without permission.

129. The contact was offensive in that a reasonable person would find it offensive to their personal dignity, even if no physical harm resulted.

130. Defendant Ada Diaz's actions were intentional in that Defendant Ada Diaz had personal knowledge to a substantial certainty that harmful or offensive contact would result from Defendant Ada Diaz's action.

131. Defendant Ada Diaz's actions were committed with a conscious and deliberate disregard of the interests of others such that her conduct may be called willful or wanton.

132. Defendant Julio Diaz intentionally and offensively touched Plaintiff without her consent on or around the first week of April 2012, when Defendant Julio Diaz restrained Plaintiff and attempted to rape her.

133. The contact was patently offensive.

134. Defendant Julio Diaz's actions were intentional in that Defendant Julio Diaz had personal knowledge to a substantial certainty that harmful or offensive contact would result from his action.

135. Defendant Julio Diaz's actions were committed with a conscious and deliberate disregard of the interests of others such that his conduct may be called willful or wanton.

136. Plaintiff is entitled to damages to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Nilsa Franco respectfully requests that judgment be granted:

1. Declaring that Defendants' conduct complained of herein is in violation of the Trafficking Victims Protection Reauthorization Act, and federal and New York State labor laws;

2. Awarding Plaintiff unpaid minimum wages and overtime wages under the FLSA;

3. Awarding Plaintiff liquidated damages under the FLSA;

4. Awarding Plaintiff unpaid minimum wages, overtime, and spread of hours wages under the NYLL;

5. Awarding Plaintiff liquidated damages under the NYLL;

6. Awarding Plaintiff damages due to notice violations at hiring;

7. Awarding Plaintiff damages due to notice violations at payment;

8. Awarding Plaintiff damages due to intentional infliction of emotional distress;

9. Awarding Plaintiff damages due to negligent infliction of emotional distress;

10. Awarding Plaintiff damages due to battery;

11. Awarding Plaintiff attorneys' fees and costs;

12. Awarding Plaintiff pre- and post-judgment interest;

13. Awarding Plaintiff any such further relief as may be just and proper.

Dated: Queens, New York

March 25, 2014

Respectfully submitted,
CATHOLIC MIGRATION SERVICES
By:  _/s/_ Alice Davis_____
Alice Davis, Esq
    adavis@catholicmigration.org
Robert McCreanor, Esq.
    rmccreanor@catholicmigration.org
47-01 Queens Blvd., Suite 203B
Sunnyside, NY  11104
(347) 472-3500 (tel.)
(347) 472-3501 (fax)