UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NILSA FRANCO,

                        Plaintiff,           Case No: 14-cv-01909 (ILG) (RER)

    -against-


ADA DIAZ, JULIO DIAZ and MAXIMINA VARGAS,

                        Defendants.
-------------------------------------------------------------------X


## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS


Served July 23, 2014

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 2

TABLE OF AUTHORITIES ..................................................................................................... 3

INTRODUCTION ...................................................................................................................... 4

ARGUMENT .............................................................................................................................. 4

    I.    Defendants' Counterclaim for Intentional Infliction of Emotional Distress Based on Plaintiff's Civil Suit is Barred by Law ........................................................................... 4

    II.   Defendants Have Not Plead a Sufficient Factual Basis for Their Claim for Intentional Infliction of Emotional Distress ..................................................................................... 5

        A.  Defendants' Motion to Amend Is Submitted in Bad Faith ........................................ 6

        B.  Defendants' Proposed Amended Answer Contains Only Conclusory Statements of Law ........................................................................................................................... 6

        C.  Defendants' Memorandum Relies on Facts Not Contained in the Record ............... 8

    III.  Defendants' Counterclaim Should be Dismissed as Unlawful Retaliation, Which is Prohibited by the FLSA and Frustrates the Intention of the TVPA ............................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 6

*Bill Johnson's Restaurant, Inc. v. N.L.R.B.*, 461 U.S. 731 (1981) ......................................... 9

*Campos v. Lemay*, 05 CIV. 2089(LTS)(FM), 2007 WL 1344344 (S.D.N.Y. May 7, 2007) ....... 5

*Chord Associates, LLC v. Protech 2003-D, LLC*, 07-CV-5138 JFB AKT, 2010 WL 3780380 (E.D.N.Y. Sept. 21, 2010) ......................................................................................................... 5

*Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) ..................................................... 10

*Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-41 (4th Cir. 2008) ............................................ 9

*Fischer v. Maloney*, 43 N.Y.2d 553, 557, 373 N.E.2d 1215, 1217 (1978) ............................... 5

*Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 122, 612 N.E.2d 699 (1993) .................... 6

*Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 209, 223 (2d Cir. 2001) ....................... 10

*Walentas v. Johnes*, 683 N.Y.S.2d 56 (1999) ........................................................................... 5

**Statutes and Regulations**

Fed. R. Civ. P. 12 ..................................................................................................................... 8

**Other**

Committee Notes, Pub. L. No. 106-386, 114 Stat. 1464, § 102(b)(20)

**INTRODUCTION**

After Plaintiff commenced this action against Defendants, Defendants responded by filing an Answer asserting four counterclaims under New York tort law. These counterclaims lack a factual basis in the pleadings and are blatantly retaliatory. Defendants make conclusory allegations of harm, allegedly arising from Plaintiff's communications with the New York City Police Department regarding the facts that gave rise to her complaint, and the filing of this civil suit itself. After Defendants answered the Complaint, Plaintiff immediately moved to dismiss Defendants' counterclaims because they lacked sufficient factual basis, were barred as a matter of New York Law, and violated the anti-retaliation provision of the Fair Labor Standards Act.

Plaintiff's motion to dismiss the counterclaims was met with little opposition: in apparent recognition of their frivolousness, Defendants voluntarily dismissed their claims for abuse of process, negligent infliction of emotional distress, and *prima facie* tort. However, despite all countervailing legal authority, Defendants seek to maintain their claim for intentional infliction of emotional distress, based solely on Plaintiff's exercise of her most basic legal rights. Further, purely in an attempt to gain tactical advantage by alleging any cause of action at all against the Plaintiff, Defendants have now moved to amend their answer to include a new and equally frivolous counterclaim for defamation. Plaintiff has addressed Defendants cross-motion to amend in a separate memorandum. This reply addresses only Defendants' effort to retain a counterclaim for intentional infliction of emotional distress.

**ARGUMENT**

**I.    Defendants' Counterclaim for Intentional Infliction of Emotional Distress Based on Plaintiff's Civil Suit is Barred by Law.**

All of Defendants' original counterclaims, including the counterclaim for intentional infliction of emotional distress, were premised on "Plaintiff's malicious and deliberate misuse

4

and perversion of the civil *and* criminal processes." (Defendants' Answer, ¶ 68) (emphasis added). Defendants now appear to abandon this dual theory under the weight of ample case law that proscribes such claims.

New York courts explicitly and unequivocally prohibit tort claims premised on the filing of the commencement of civil litigation. (See, e.g., *Fischer v. Maloney*, 43 N.Y.2d 553, 557, 373 N.E.2d 1215, 1217 (1978), *Walentas v. Johnes*, 683 N.Y.S.2d 56, 58 (1999), *Chord Associates, LLC v. Protech 2003-D, LLC*, 07-CV-5138 JFB AKT, 2010 WL 3780380 (E.D.N.Y. Sept. 21, 2010) "commencement of litigation and the allegations in the Complaint cannot constitute 'outrageous conduct,' as Plaintiff is entitled to vindicate her legal rights." *Campos v. Lemay*, 05 CIV. 2089(LTS)(FM), 2007 WL 1344344 (S.D.N.Y. May 7, 2007). As explained below, Defendants attempt to maintain an intentional infliction of emotional distress claim based on Plaintiff's interview with New York City police officers is equally flawed.

**II.  Defendants Have Not Plead a Sufficient Factual Basis for Their Claim of Intentional Infliction of Emotional Distress.**

In opposing Plaintiff's motion to dismiss, Defendants have posited a new theory for intentional infliction of emotional distress, one that is now premised solely on Plaintiff's interview with the New York City Police Department on October 28, 2014. However, Defendants' Answer simply fails to allege facts sufficient to support such a claim.

Apparently cognizant of this deficiency and desperate to maintain any counterclaim against Plaintiff, Defendants aim to distort the record through two inappropriate mechanisms: a bad faith motion to amend their Answer and reliance on purported facts not contained in the record. Even operating under a new set of factual assumptions, Defendants have failed to state a claim upon which relief may be granted.

**A.  Defendants' Motion to Amend Is Submitted in Bad Faith.**

5

Defendants' memorandum argues that the Court should sustain their counterclaim for intentional infliction of emotional distress based on the new set of facts alleged in their proposed amended answer. Motions to amend pleadings are denied when they are done in bad faith. (*See Foman v. Davis*, 371 U.S. 178, 182 (1962) Bad faith includes attempts to gain tactical advantage in litigation. *Id*. Tactical advantage, in turn, has been held to specifically include motions to amend pleadings in order to assert new facts and theories of liability in order to frustrate dispositive motions. (*See, e.g., Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 304 (S.D.N.Y. 1996) *aff'd*, 116 F.3d 465 (2d Cir. 1997) ("the failure to advance these other factors earlier was the product of bad faith—the factors were not regarded as causative, did not really exist, or some combination of both.") As fully explained in Plaintiff's Memorandum in Opposition to Defendants' Motion to Amend their Answer, Defendants' motion to amend should be denied based on bad faith, in that they seek to amend purely to gain tactical advantage in the litigation.

### B. Defendants' Proposed Amended Answer Contains Only Conclusory Statements of Law.

Even if Defendants' motion to amend is granted, Defendants still have not alleged a set of facts that offers more than "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) Under New York law, a claim for intentional infliction of emotional distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 122, 612 N.E.2d 699 (1993l) Defendants have failed to meet their burden at the pleading stage because they offer only conclusory allegations of severe emotional distress.

Defendants' claim for intentional infliction of emotional distress is based on New York City police officers' interview with Plaintiff on October 28, 2014. Their cause of action specifies that "Plaintiff intentionally harassed and inflicted severe emotional and physical injury on Defendants by filing false criminal complaints against the Defendants." (Defendants' Answer, ¶ 67) They further allege that Plaintiff's conduct "subjected them to ridicule, scorn, contempt and disgrace, thereby causing the Defendants to suffer severe emotional distress and physical harm." (Defendants' Proposed Amended Answer, ¶ 68)

At the outset, Defendants' claim of *physical* harm is unsupported by any factual allegations, and moreover, given the facts alleged, is patently absurd. Further, even generously read, the Defendants' claims are entirely speculative and contain nothing to suggest that Defendants suffered severe emotional distress or any of the other harms alleged. For instance, Defendants state that, as a result of Plaintiff's communications with officers, "defendant Julio Diaz's career with the NYPD has been detrimentally tarnished." (Defendants' Proposed Amended Answer, ¶ 51) This conclusion is drawn solely from the fact that a notation regarding Plaintiff's accusation is "contained within defendant Julio Diaz's personnel file." (Defendants' Proposed Amended Answer, ¶ 52) There are no facts that elucidate the ultimate affect that the charge has had or will have on his career. It is entirely speculative.

The Proposed Amended Answer further states that Defendants Ada Diaz and Julio Diaz "suffered mental and emotional distress, humiliation and embarrassment throughout the community, neighborhood and within their family." The sole example provided is that, "Soon after the neighbors were questioned by the NYPD, Defendants were questioned by their neighbors." (Defendants' Proposed Amended Answer, ¶ 54-56) One instance of being questioned by the members of single household does not lead to the conclusion that Defendants

7

have suffered embarrassment throughout their neighborhood, community, or family. Defendants simply have not stated facts sufficient to support a claim for intentional infliction of emotional distress.

### C. Defendants' Memorandum Relies on Facts Not Contained in the Record.

Defendants' argument is also based on alleged facts not at all present in either their original Answer or the Proposed Amended Answer. For instance, they seek to preserve their counterclaim for intentional infliction of emotional distress based on the notion that "Defendant Ada Diaz was subjected to intense interrogation by the NYPD." (Defendants' Memorandum, p. 18) The Proposed Amended Answer, by contrast, states only that "Defendant Ada Diaz was escorted to the 108th Precinct and advised that the plaintiff had filed a criminal complaint against defendant Julio Diaz," (Proposed Amended Answer, ¶ 46) and that "After answering the officer's questions, defendant Ada Diaz was released and returned to her home." (Proposed Amended Answer, ¶ 49) Defendants' Memorandum also states that "Defendant Julio Diaz was investigated by IAB and upon information and belief, a permanent notation is now in his NYPD personnel file." (Defendants' Memorandum, p. 18) The Proposed Amended Answer states only that the NYPD questioned both Ada Diaz, and the family's immediate neighbors, each on a single occasion, and that "Defendant Julio Diaz was not questioned by NYPD officers in connection with the alleged incident" at all. (Proposed Amended Answer, ¶¶ 49-50, 55) Further, the allegation in the memorandum that Julio Diaz has a *permanent* notation in his file is entirely absent in the Proposed Amended Answer.

Thus, Defendants oppose Plaintiff's motion to dismiss Defendants' counterclaims by reliance upon facts which are entirely absent from the pleadings. As such, Defendants' argument is invalid and the counterclaims should be dismissed.

### III. Defendants' Counterclaim Should be Dismissed as Unlawful Retaliation, Which is Prohibited by the FLSA and Frustrates the Intention of the TVPA.

Defendants have expended significant efforts to maintain any conceivable counterclaim against Plaintiff. This is part of Defendants' campaign to undermine Plaintiff's civil suit by alleging frivolous counterclaims with the hope that "if the pleading threshold is low enough to admit Plaintiff's claim on this ground, then it must also admit the claim of the Defendants with the net result being that the claims simply cancel each other out." (Defendants Memorandum, p. 10) Defendants reach for the only conceivable wrongdoing they can surmise – the fact that Plaintiff gave information to officers of the New York City Police Department. Yet their claim has no basis in case law, and more significantly, is admittedly intended to penalize Plaintiff for filing suit against them and to gain advantage in litigation through the assertion of a counterclaim.

As explained in Plaintiff's original Motion to Dismiss, filed June 2, 2014, Defendants' counterclaims are in violation of the Fair Labor Standards Act's anti-retaliation provision. An employer who sues employees or former employees based on their engagement in activities protected by federal labor law is in clear violation of the anti-retaliation provision. *Bill Johnson's Restaurant, Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1981). This same reasoning extends to counterclaims filed by defendants in FLSA actions. *See, e.g.*, *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-41 (4th Cir. 2008)).

"The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 209, 223 (2d Cir. 2001) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)). In this situation, Defendants'

9

counterclaims were clearly filed as retaliation for Plaintiffs' attempt to assert her rights under the Fair Labor Standards Act. Defendants' counterclaims are based on the filing of a criminal complaint that occurred in October of 2013, but did not become the basis a tort suit until May of 2014, when Defendants were forced to respond to Plaintiff's civil suit.

Further, the purposes of the Trafficking Victims Protection Reauthorization Act was passed with the express intent providing victims with the confidence and safety necessary to report violations of the Act. (See Committee Notes, Pub. L. No. 106-386, 114 Stat. 1464, § 102(b)(20), because victims "often fear retribution and forcible removal to countries in which they will face retribution or other hardship, these victims often find it difficult or impossible to report the crimes committed against them or to assist in the investigation and prosecution of such crimes.") To permit Defendants to proceed with their spurious counterclaims would allow accused traffickers to further intimidate and silence victims, thus frustrating the intentions behind the Trafficking Victims Protection Act.

This court should not entertain such a flagrant attempt to retaliate a victim of severe labor exploitation.

## CONCLUSION

Defendants' sole remaining counterclaim against Plaintiff is entirely meritless, insufficiently pled, and asserted in violation of the Fair Labor Standards Act's anti-retaliation provision. Accordingly, it must be dismissed.

Respectfully submitted,<br>
CATHOLIC MIGRATION SERVICES<br>
<br>
By:   /s/<br>
Alice Davis, Esq.<br>
adavis@catholicmigration.org<br>
Robert McCreanor, Esq.

>rmccreanor@catholicmigration.org
>47-01 Queens Blvd., Suite 203B
>Sunnyside, NY  11104
>(347) 472-3500 (tel.)
>(347) 472-3501 (fax)
>*Attorneys for Plaintiff*