UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NILSA FRANCO,

                                Plaintiff,            Case No: 14-cv-01909 (ILG) (RER)
        -against-


ADA DIAZ, JULIO DIAZ and MAXIMINA VARGAS,

                                Defendants.
-------------------------------------------------------------------X


## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S CLAIMS



Served July 23, 2014

**TABLE OF CONTENTS**

TABLE OF CONTENTS 2

TABLE OF AUTHORITIES 3

INTRODUCTION 5

STANDARD OF REVIEW 6

ARGUMENT 6

    I.    Plaintiff Has Properly Pled Her First, Second, and Third Claims Under the Trafficking Victims Protection Act 6

        A.  Defendants Deliberately Mischaracterize the Allegations in Plaintiff's Complaint 7

        B.  Defendants Misinterpret the Requirements Under the Trafficking Victims Protection Act 9

    II.   Plaintiff has Properly Alleged Claims Under New York Tort Law 10

        A.  Plaintiff has Properly Pled a Claim against Defendant Ada Diaz for Battery 11

        B.  Plaintiff's Complaint Pleads Facts Consistent with a Claim for Equitable Tolling, and Thus Her Claim Against Defendant Julio Diaz for Battery Cannot be Dismissed 11

        C.  Plaintiff has Properly Pled a Claim against all Defendants for Intentional Infliction of Emotional Distress 12

        D.  Plaintiff has Properly Pled a Claim against all Defendants for Negligent Infliction of Emotional Distress 14

CONCLUSION 15

## TABLE OF AUTHORITIES

**Cases**

*Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) ............................................... 6

*Aguirre v. Best Care Agency, Inc.,* 961 F.Supp.2d 427, 444  (E.D.N.Y. Aug. 16, 2013) ............. 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................. 6

*Cerilli v. Kezis*, 16 A.D.3d 363, 364, 790 N.Y.S.2d 714, 715 (2005) ................................ 11

*Deressa v. Gobena*, 1:05CV1334(JCC), 2006 WL 335629 (E.D. Va. Feb. 13, 2006) ............. 12

*Doe v. Siddig*, 810 F. Supp. 2d 127, 134 (D.D.C. 2011) ..................................................... 12

*Elat v. Ngoubene*, 2012 WL 2339318 at 5 (E.D.N.Y June 19, 2012) ............................... 9, 10

*Francois v. Mazer*, 09 CIV. 3275 KBF, 2012 WL 653886 (S.D.N.Y. Feb. 28, 2012) ............. 14

*Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000) ................................................. 8

*Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir. 1999) .......................................... 12

*Hernandez v. Attisha*, 09CV-2257-IEGWMC, 2010 WL 816160 (S.D. Cal. Mar. 5, 2010) ....... 12

*Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 122, 612 N.E.2d 699 (1993) ................ 12

*Kiwanuka v. Bakilana*, 844 F.Supp.2d 107, 115 (D.D.C. 2012) ........................................ 10

*Manliguez v. Joseph*, 226 F. Supp. 2d 377, 386 (E.D.N.Y. 2002) ..................................... 14

*Mirman v. Berk & Michaels, P.C.,* No. 91 Civ. 8606, 1992 WL 332238 (S.D.N.Y. Oct.30, 1992) ................................................................................................................ 12

*Perry v. Valley Cottage Animal Hosp.*, 261 A.D.2d 522, 690 N.Y.S.2d 617 (N.Y. App. Div. 1999) .............................................................................................................. 15

*Romero v. City of New York*, 839 F. Supp. 2d 588, 631 (E.D.N.Y. 2012) .......................... 14

*Sexton v. Franklin First Fin., Ltd.*, 08-CV-04950 JFB ARL, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ............................................................................................................ 12

*Simpson v. Uniondale Union Free Sch. Dist.,* 702 F.Supp.2d 122, 134 (E.D.N.Y.2010)) ............ 14

*In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) ........................... 12

*United States v. Rivera*, No. 09-CR-619(SJF), 2012 WL 2339318, at *5 (EDNY June 19, 2012) ... ........................................................................................................................ 9

*Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 424 (S.D.N.Y. 2013) ................ 8


**Statutes and Regulations**
Fed. R. Civ. P. 12 ................................................................................................. 6, 8, 12

Fed. R. Civ. P. 56 ................................................................................................. 8

18 U.S.C.A. § 1589 ............................................................................................. 7, 10

18 U.S.C.A. § 1590 ............................................................................................. 7, 9 , 10

18 U.S.C.A. § 1592 ............................................................................................. 7

18 U.S.C.A. § 1595 ............................................................................................. 6, 7

**Other**
H.R.Rep. No. 106–939, at 101 (2000) (Conf. Rep.)) ...................................................... 10

4

**INTRODUCTION**

Plaintiff commenced this action against Defendants on March 27, 2014, alleging violations of New York and federal labor law, the Trafficking Victims Protection Act, and New York Tort Law. Defendants submitted a Motion to Partially Dismiss Plaintiff's Complaint for failure to state a claim. The motion is based on a deliberate misconstruction of the facts alleged in Plaintiff's complaint, and a spurious argument that Plaintiff faces a heightened pleading standard due to the fact that she is related to Defendants. Notably, Defendants do not seek to dismiss any of Plaintiff's claims under the Fair Labor Standards Act or New York Labor Law, despite their contention that broad-sweeping intra-family immunity shields them from liability for violations of the Trafficking Victims Protection Act or New York tort law.

Notwithstanding the fact that she and Defendants are related, Plaintiff is a victim of severe workers' rights violations, including labor trafficking as well as physical and emotional abuse. Plaintiff's complaint on its face provides facts that sustain her claims under the Trafficking Victims Protection Reauthorization Act, and her tort claims for battery and intentional and negligent infliction of emotional distress.

In contending that Plaintiff's claims under the Trafficking Victim's Protection Act and New York tort law should be dismissed, Defendants' memorandum includes a selective recitation of the facts in order to deliberately mischaracterize the basis of Plaintiff's claims. Defendants ask the Court "to resolve the legal question as to what manner of allegations is required to support a claim for wages by one family member against another for work done solely within the family abode and for claims of tortious conduct by one family member against another where the complained of acts occurred in the family home." Thus, Defendants argue that the fact that Plaintiff is an extended family member of Defendants is dispositive, providing them

5

absolute immunity for any of the wrongs that she suffered.  Such argument is absolutely without

legal basis.  Thus, Defendants' Motion to Partially Dismiss Plaintiff's Complaint should be

denied.

## STANDARD OF REVIEW

Under Rule 12(b)(6), in order to survive a motion to dismiss for failure to state a claim,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff need only "plead[] factual content

that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual

allegations, and "draw[] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433

F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks omitted) Plaintiff's complaint alleges

more than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.

Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Rather, it alleges a detailed set of facts which, if

accepted as true, are sufficient to sustain Plaintiff's claims.

## ARGUMENT

I.      **Plaintiff Has Properly Pled Her First, Second, and Third Claims Under the
        Trafficking Victims Protection Act.**

Section 1595 of the Trafficking Victims Protection Act provides trafficking victims with a

private right of action against any individual who knowingly participates in their trafficking. 18

U.S.C.A. § 1595 (West) It holds liable any individual who:

> "knowingly provides or obtains the labor or services of a person [. . .] (1) by means of force,
> threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person; (3) by
> means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme,
> plan, or pattern intended to cause the person to believe that, if that person did not perform such

labor or services,  that person or another person would suffer serious harm or physical restraint," 18 U.S.C.A. § 1589 (West).

It also encompasses those who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter." 18 U.S.C.A. § 1590 (West) Finally, it includes, those who "knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person in the course of a violation of [the Act]. 18 U.S.C.A. § 1592 (West).

Plaintiff's complaint states facts sufficient to allege that all three Defendants are in violation of the Act. Plaintiff alleges that, after Defendants helped her secure a temporary H1B visa in order for her to work as a domestic worker and nanny in their home, they confiscated her passport and perpetrated a campaign of intimidation. This was an attempt to induce the Plaintiff to continue working long hours for low pay, by threatening her with deportation, verbally abusing her, and keeping her isolated from her community. However, Defendants grossly distort Plaintiff's allegations by mischaracterizing the facts and misinterpreting the requirements of the Trafficking Victims Protection Act.

### A. Defendants Deliberately Mischaracterize the Allegations in Plaintiff's Complaint.

In an attempt to have Plaintiff's claims dismissed, Defendants' Motion to Dismiss has selectively omitted facts alleged in Plaintiff's complaint, in order to create the appearance that Plaintiff has failed to state a claim. Specifically, Defendants have omitted Plaintiff's claim that her passport was confiscated shortly after she arrived in Defendants' home, and that she was told that she could not obtain another one without risk of deportation. (Complaint, ¶¶3, 26-30.) Defendants also make much of the fact "verbal abuse is not actionable under §1595 under less it

carries with it a threat of force or serious harm," while ignoring the fact that Plaintiff specifically states that she was subject to threats of deportation. (Complaint, ¶¶ 4, 41-42, 48.) The complaint also recounts how Plaintiff was so fearful of Defendants that she could not bring herself to leave their house without first attempting to obtain a police escort. (Complaint, ¶¶ 61-63.) Finally, although it is unacknowledged by Defendants motion, Plaintiff has described how Defendants have continued to harass Plaintiff by contacting relatives in Paraguay and Argentina, to convey death threats to her. (Complaint, ¶¶ 5, 65-67.)

Defendants have further cherry-picked the factual matters alleged in the complaint. In order to recast ancillary details as evidence against her status as a trafficking victim, they contend that, because "Plaintiff was left alone at the house," "would go to the children's school," and "go to the Laundromat," Plaintiff cannot sustain her trafficking claims. (Defendants' Memorandum, p. 8-9.) Additionally, they maintain that, because Plaintiff was also "aware of the existence of the consulate," she could not possibly be a victim of labor trafficking. (Defendants' Memorandum, p. 8-9.) Finally, Defendants produce a handful of inauthenticated photographs, marked as Exhibit B, which do very little to undermine Plaintiff's claims and are at any rate extrinsic evidence and, therefore, inadmissible at the pleading stage of this action. (See *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 424 (S.D.N.Y. 2013) ("Where other extrinsic materials are submitted to the Court for consideration in connection with a 12(b)(6) motion, the additional materials must either be excluded, or the motion must be converted to one for summary judgment under Fed.R.Civ.P. 56 after affording the parties the opportunity to conduct appropriate discovery and submit additional supporting materials.") (Citing Fed.R.Civ.P. 12(d); *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000). This selective recitation of facts is meaningless because it omits key aspects of Plaintiff's complaint and misrepresents others.

**B. Defendants Misinterpret the Requirements Under the Trafficking Victims Protection Act.**

Regardless of Defendants' mischaracterization of the complaint, Plaintiff has properly alleged facts to support her claims under the TVPA.  First, Defendants rely heavily on the fact that Plaintiff voluntarily immigrated to the United States. The Trafficking Victim's Protection Act *assumes* that trafficking victims often enter into employment arrangements voluntarily, only to be defrauded and reduced to involuntary servitude upon arrival. For this reason, the Act contains a provision to criminalize the recruitment of trafficking victims under 18 U.S.C.A. § 1590.  In fact, virtually all cases brought under the Trafficking Victims Protection Act involve workers who voluntarily immigrated to the United States and entered into their employment arrangements voluntarily. (*See, e.g., Aguirre v. Best Care Agency, Inc.,* 961 F.Supp.2d 427, 444 (E.D.N.Y. Aug. 16, 2013) Plaintiff describes in her complaint how she was specifically recruited to work for Defendants, and how they assisted her in obtaining a fraudulent visa. (Complaint ¶¶ 22-23) When a defendant recruits a worker in conjunction with a trafficking offense as described above, the defendant is in violation of 18 U.S.C.A. § 1590.

Further, despite Defendants contention that Plaintiff failed to allege a threat of serious harm, Plaintiff specifically stated in her complaint that her passport was confiscated and she was threatened with deportation. Case law is very clear that "the threat of deportation 'can constitute serious harm to an immigrant within the meaning of the forced labor statute.'" (*Elat v. Ngoubene*, citing *United States v. Rivera*, No. 09-CR-619(SJF), 2012 WL 2339318, at *5 (EDNY June 19, 2012). In this very District, "[t]he threat of deportation alone may support a claim for forced labor." *Aguirre v. Best Care Agency, Inc.*, 961 F.Supp.2d 427, 444 , 2013 WL 4446925, at *12 (EDNY Aug. 16, 2013). While Defendants' selective recitation of the facts states that Defendants only stated that they would "return her to her former life," other

9

jurisdictions interpreting the TVPA have held that "the fact that Plaintiff wanted to return to her homeland is not tantamount to Plaintiff not finding the prospect of returning via deportation proceedings to be threatening." *Elat v. Ngoubene*, CIV. PWG-11-2931, 2014 WL 253411 (D. Md. Jan. 21, 2014).

Finally, Defendants claim that Plaintiff cannot sustain her claim for trafficking because Defendants had not "denied Plaintiff a means of exiting their home." (Defendants Memorandum, p. 8) Defendants point out that Plaintiff was at times left alone in Defendants' home, escorted the children to school and social activities, and went to the local Laundromat to do Defendants' laundry. (Defendants Memorandum, p. 7-8) None of these facts are dispositive of Plaintiff's trafficking claim. According to case law:

> Congress determined that '[i]nvoluntary servitude statutes are intended to reach cases in which persons are held in a condition of servitude through nonviolent coercion.' Congress therefore added 18 U.S.C. §§1589 and 1590 'to address the increasingly subtle methods of traffickers who place their victims in modern-day slavery, such as where traffickers. . . restrain their victims without physical violence or injury, or threaten dire consequences by means other than overt violence. *Kiwanuka v. Bakilana*, 844 F.Supp.2d 107, 115 (D.D.C. 2012) (citing H.R.Rep. No. 106–939, at 101 (2000) (Conf. Rep.))

Thus, Defendants' reliance on the fact that Plaintiff was not literally kept prisoner demonstrates a willful misunderstanding of the Trafficking Victims Protection Act. This is the very set of circumstances the Act intended to prohibit.  Plaintiff has properly alleged claims under the Trafficking Victims Protection Act, and Defendants' have no grounds on which to dismiss these claims.

## II.      Plaintiff has Properly Alleged a Claims Under New York Tort Law.

Plaintiff alleges claims under New York tort law for battery based on two specific incidents of physical abuse. The first is against Defendant Ada Diaz who, on the final day of Plaintiff's

captivity, shoved Plaintiff. (Complaint, ¶ 59) The second is against Defendant Julio Diaz who, during April 2012, attempted to rape Plaintiff.

### a. Plaintiff has Properly Pled a Claim Against Defendant Ada Diaz for Battery.

Plaintiff's claim for battery is based on the incident on October 28, 2014, during which Defendant, angry at Plaintiff for leaving the house, shoved her. (Complaint, ¶ 59) There is no question that Plaintiff's claim alleges bodily contact, made with intent, and offensive in nature, thus providing a cause of action for battery under New York tort law. *Cerilli v. Kezis*, 16 A.D.3d 363, 364, 790 N.Y.S.2d 714, 715 (2005)

However Defendants, without a shred of legal authority argue the doctrine of *in loco parentis* exists as an affirmative defense for Plaintiff's claim for battery. Plaintiff was 36 years old at the time of the incident. Further, there is no legal authority that states that the doctrine of *in loco parentis* applies to adults. (*See*, generally, Acting In Loco Parentis as a Defense to Assault and Battery, Norman D. Tripp 16 Clev.-Marshall L. Rev. 39 (1967)) Finally, there is absolutely nothing in the record to suggest that Plaintiff was a minor or otherwise mentally incapacitated. If this were so, Plaintiff would not have been eligible for the H1B visa which Defendants secured for her. Absent this immunity, Plaintiff has properly pled a claim for battery against Ada Diaz.

### b. Plaintiff's Complaint Pleads Facts Consistent with a Claim for Equitable Tolling, and Thus Her Claim Against Defendant Julio Diaz for Battery Cannot be Dismissed.

Defendants seek to have Plaintiff's claim for battery against Defendant Julio Diaz dismissed based on the fact that New York's one year statute of limitations for intentional torts has run. However, Plaintiff's complaint states facts that are consistent with equitable tolling of the statute of limitations.

As a threshold matter, "[P]laintiff is not required to have alleged facts in the complaint that overcome defendants' affirmative defense based on the statute of limitations." *Sexton v. Franklin First Fin., Ltd.*, 08-CV-04950 JFB ARL, 2009 WL 1706535 (E.D.N.Y. June 16, 2009) Rather, "the survival of a Rule 12(b)(6) motion to dismiss on statute of limitations grounds requires only allegations consistent with a claim that would not be time-barred." *Harris v. City of New York*, 186 F.3d 243, 251 (2d Cir. 1999) Finally, "when plaintiffs raise an equitable tolling argument, a court must deny a motion to dismiss based on the statute of limitations unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled." *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) (Citing *Mirman v. Berk & Michaels, P.C.,* No. 91 Civ. 8606, 1992 WL 332238 (S.D.N.Y. Oct.30, 1992), internal quotations omitted)

Plaintiff has alleged facts consistent with being a victim of labor trafficking. Ample case law exists that extends that statute of limitations on related claims brought under state and federal law by victims of human trafficking. See, e.g., *Doe v. Siddig*, 810 F. Supp. 2d 127, 134 (D.D.C. 2011), *Hernandez v. Attisha*, 09CV-2257-IEGWMC, 2010 WL 816160 (S.D. Cal. Mar. 5, 2010), *Deressa v. Gobena*, 1:05CV1334(JCC), 2006 WL 335629 (E.D. Va. Feb. 13, 2006)  Thus, Plaintiff's tort claim against Defendant Julio Diaz should not be dismissed pursuant 12(b)(6).

III.  **Plaintiff has Properly Pled a Claim against all Defendants for Intentional Infliction of Emotional Distress.**

In New York, a claim for intentional infliction of emotional distress "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 122, 612 N.E.2d 699 (1993). Defendants incredibly argue that, because Defendants' have also

12

counterclaimed for intentional infliction of emotional distress, "the claims simply cancel each other out." (Defendants' Memorandum, p. 10.)

Defendants further contend that Plaintiff has no claim for intentional infliction of emotional distress because her claims were brought in the context of employment and familial relationships. This contention is without merit because Plaintiff has in fact brought her claims in the context of labor trafficking.  Despite Defendants' mischaracterization of the facts, Plaintiff's claim for intentional infliction of emotional distress is not based on "typical harassment and retaliation claims." Rather, it is based on Defendants' use of intimidation tactics to keep her in constant fear of deportation and isolated from the community, in order to force her to continue to work long hours for extremely low pay.

Defendants presume that the operative relationship between Plaintiff and Defendants is that of family members. While Plaintiff's complaint acknowledges that she is related to the Defendants, the Complaint and Answer are entirely void of facts which would suggest that Plaintiff had a familial bond with the Defendants or was treated as a member of the nuclear family. Defendants' Proposed Amended Answer concedes that Defendant Maximina Vargas petitioned for Plaintiff to enter the country on an H1B visa and was paid wages. (Complaint, ¶¶ 5-8, 10) Further, in her complaint, Plaintiff states that she was typically not even permitted to eat dinner with the family. (Complaint, ¶ 36) She also states that she was subject to verbal abuse and threats. (Complaint, ¶¶ 41-42)

Plaintiff has alleged that she is a victim of labor trafficking, and it is through this lens that the Court should view her intentional infliction of emotional distress claim. Courts routinely find that factual allegations that are sufficient to support a claim of trafficking are sufficient to support a claim of intentional infliction of emotional distress. (See, e.g., *Manliguez v. Joseph*,

13

226 F. Supp. 2d 377, 386 (E.D.N.Y. 2002), allegations that "Defendants forced her to work 24 hours a day, physically and emotionally isolated Plaintiff from friends and family, deprived her of sleep and food, and verbally abused her from November 1, 1998 until she escaped on October 18, 2000" are sufficient to support a claim for intentional infliction of emotional distress.) (See also *Francois v. Mazer*, 09 CIV. 3275 KBF, 2012 WL 653886 (S.D.N.Y. Feb. 28, 2012), upholding nanny's claim for intentional infliction of emotional distress based on her employer's use of racial slurs and threats while she was physically attacked). Defendants contend that it is implausible that they would seek to psychologically injure Plaintiff, given that she was the caretaker of their children. However, this is entirely consistent with an allegation of labor trafficking. Accepting Plaintiff's factual claims as true, she has pled a cause of action for intentional infliction of emotional distress.

**IV.    Plaintiff has Properly Pled a Claim against all Defendants for Negligent Infliction of Emotional Distress.**

First, "negligent infliction of emotional distress also requires a showing of (1) extreme and outrageous conduct, (2) a causal connection between the conduct and the injury, and (3) severe emotional distress. *Romero v. City of New York*, 839 F. Supp. 2d 588, 631 (E.D.N.Y. 2012) (citing *Simpson v. Uniondale Union Free Sch. Dist.,* 702 F.Supp.2d 122, 134 (E.D.N.Y.2010)) .A cause of action for negligent infliction of emotional distress "must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety." *Perry v. Valley Cottage Animal Hosp.*, 261 A.D.2d 522, 690 N.Y.S.2d 617 (N.Y. App. Div. 1999)

Defendants' motion to dismiss this cause of action is again based on the premise that, because Plaintiff was not kept under literal lock and key, she could not have feared for her safety. Plaintiff's complaint, however, alleges that among other things, she was stripped of her

14

documentation, threatened with deportation, and subject to physical abuse by Defendants. This abuse was extreme and outrageous, cause Plaintiff significant emotional distress, as evidenced by her fear of Defendants, and occurred with a fault at least amounting to negligence. Thus, she has properly stated a claim for negligent infliction of emotional distress.

## CONCLUSION

Plaintiff's claims under the Trafficking Victims Protection Act and New York tort law are sufficiently pled. Defendants' motion to dismiss is based on a misrepresentation of the factual allegations in the Complaint and a gross misinterpretation of the relevant pleading requirements. Plaintiff therefore requests that the Court deny Defendants' Motion to Partially Dismiss Plaintiff's complaint.

Respectfully submitted,
CATHOLIC MIGRATION SERVICES


By:   /s/
Alice Davis, Esq.
adavis@catholicmigration.org
Robert McCreanor, Esq.
rmccreanor@catholicmigration.org
47-01 Queens Blvd., Suite 203B
Sunnyside, NY  11104
(347) 472-3500 (tel.)
(347) 472-3501 (fax)
*Attorneys for Plaintiff*