UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

NILSA FRANCO,

        Plaintiff,

        -against-                           Case No.: **14-cv-1909(ILG)(RER)**

ADA DIAZ, JULIO DIAZ, and
MAXIMINA VARGAS,

        Defendants.
----------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO AMEND THEIR COUNTERCLAIMS

                                                          Avallone & Bellistri, LLP
                                                          By: Rocco G. Avallone, Esq.
                                                           Attorneys for the Defendants
                                                           3000 Marcus Avenue, Suite 3E7
                                                           Lake Success, N.Y. 11042
                                                           (516)986-2500

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii


POINT I ..........................................................................................................................2

    PLAINTIFF'S COMPLAINT AS TO THE FIRST, SECOND, THIRD
    CAUSES OF ACTION MUST BE DISMISSED FOR FAILURE TO
    STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE


POINT II ..........................................................................................................................5

    EQUITABLE TOLLING DOES NOT APPLY TO THE BATTERY
    CLAIM AGAINST DEFENDANT JULIO DIAZ ..........................................5


POINT III……………………………………………………………………………….6

    PLAINTIFF'S ALLEGED INCIDENT WITH DEFENDANT ADA DIAZ
    DOES NOT RISE TO A LEVEL OF BATTERY……………………………….6


POINT IV………………………………………………………………………………7

    PLAINTIFF'S CAUSE OF ACTION FOR INFLICTION OF
    EMOTIONAL DISTRESS MUST BE DISMISSED………………………….7


CONCLUSION.........................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**:                                                                 **Page**

Bell Atlantic Corp. v. Twombly
127 S.Ct. 1955 (2007). ............................................2

Aguirre v. Best Care Agency
961 F. Supp.2d 427, 444, 2013 WL 4446925,
at *12 (EDNY 2013)................................................3

Sebelius v. Auburn Reg'l Med. Ctr., -U.S.-
133 S. Ct. 817, 830, 184 L. Ed.2d 627 (2013)...............5

Simcuski v. Saeli
44 NY2d 442 [2d Dept. 1978].....................................5

Green v. Albert
199 AD2d 465 [2d Dept. 1993]....................................5

Gleason v Spota
194 AD2d 764 [2d Dept. 1993]....................................5

Kumar v. Dhanda
198 Md. App. 337, 17 A. 3d 744, 754
(Md. Ct. Spec. App. 2011).......................................5

Philip Morris USA, Inc. v. Christensen
394 Md. 227, 905 A.2d 340, 349 (2006).......................5

Kotlyarsky v. N.Y. Post
195 Misc.2d 150, 757 N.Y.S.2d 703
(Sup. Ct. Kings Cty. 2003)..................................5,6

Adedje v. Westat, Inc.
214 Md.App. 1, 75 A.3d 401, 408 (Md. Ct. Spec. App. 2013)..6

Merzon v. Cnty. of Suffolk
767 F. Supp. 432 (E.D.N.Y. 1991)..............................6

**Statutes:**

18 U.S.C §1589............................................2,4

Rule 12 (b) (6) of FRCP....................................2

Rule 8 (a) (2).............................................2

Fed. Prac. & Proc. § 1056..................................5

## Point I

### PLAINTIFF'S COMPLAINT AS TO THE FIRST, SECOND, THIRD CAUSES OF ACTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE

Plaintiff has not met the standard per 18 U.S.C. §1589 for forced labor. The First, Second and Third Claims cannot survive a motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12 (b) (6) of FRCP. Plaintiff has not provided any conceivable facts which would entitle her to relief under TVPA. A Plaintiff has an obligation under Rule 8 (a) (2) to provide the grounds of his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). This "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do". *Id* at 1965. Factual allegations must be enough to raise a right to relief above the speculative level, treating the factual allegations as true. *Id*. As previously stated, the complaint is barren of any indication that Defendants were perpetuating any type of scheme that was intended to intimidate or scare the Plaintiff. Plaintiff does not state how she was "induced to come to the United States by Defendants in her complaint. Plaintiff makes no specific allegations other than to allege that her aunt, Defendant Vargas, contacted Plaintiff's parents to offer "an opportunity to work in the United States." (Complaint ¶ 21). Plaintiff admits that she was paid a salary since coming to work for the Defendants including starting in 2009, a raise of $100 per month. She received $500 a month in 2009, $600 a month in 2010, $700 a month in 2011, and $800 a month in 2012 and 2013. (Complaint ¶ 39). In addition there is no dispute that Plaintiff also received free room and board, meals, paid vacation and full use of

the Diaz household during her approximately 7 years of living with her aunt and cousins. She further received a free cell phone, internet use and computer. All of these extra devices which were giving to Plaintiff were at the expense of the defendants in addition to her wages. Plaintiff also was sent to school by Defendant Ada Diaz to learn to speak English and take computer courses at the local school, none of which would lead anyone to believe that she was defrauded or "reduced to involuntary servitude" by any defendants. Furthermore, contrary to Plaintiff's assertion that she was recruited and defendants "assisted her" in obtaining a "fraudulent visa (Complaint ¶¶ 22-23)", said paragraphs simply allege that defendants assisted Plaintiff in obtaining a visa. There are no allegations of fraud in said paragraphs. Not only does the Complaint fail to offer sufficient substantiation for these causes of action, but in a couple of paragraphs contradicts herself. (Complaint ¶¶ 26-29). As for the passport that Plaintiff alleges was taking by Defendant Vargas (not Ada Diaz or Julio Diaz) (Complaint ¶ 26-27), Plaintiff admits to allegedly giving the passport to her aunt Vargas but in paragraph 28 of the complaint, she states "Defendant Ada Diaz never returned Plaintiff's passport." There are no allegations in the complaint that Plaintiff ever gave the passport to Ada Diaz. In fact, Plaintiff admits that Ada Diaz told her that she never had the passport. (Complaint ¶ 29). Finally, the complaint is void of any specific threats but rather just a blanket statement in paragraph 42 that alleges defendants Vargas and Ada Diaz would threaten to call immigration to have plaintiff deported if her work did not meet their standards. This is placed in the complaint simply in an attempt to meet the standard for a TVPA claim. The allegation lacks any specificity as to when it was said (date), the quote, and who specifically said it. It lacks total credibility to support a claim of forced labor. Plaintiff relies on *Aguirre v. Best Care Agency*, 961 F. Supp.2d 427, 444, 2013 WL 4446925, at *12 (EDNY 2013) for the finding that "[t]he threat of deportation alone **may** support

3

a claim for forced labor." (Emphasis added). As such, this court has the discretion to dismiss the claim under 18 U.S.C. § 1595 if the allegation is not supported by specific facts but rather boiler plate language that is put in a complaint simply to try to save the cause of action The alleged threats are vague at best which should not support the forced labor claim (TVPA). Plaintiff admits in her complaint that she was told go to the consulate to get a new passport. The complaint does not allege that any defendant "confiscated[1]" Plaintiff's passport. Plaintiff makes no allegations that any defendant stopped her from going to the consulate if she choice to go. She was free to leave at any time and begin the process of getting a new passport. Plaintiff, and only the Plaintiff, made the conscious decision to not get a new passport, if in fact it was lost. Plaintiff continuously communicated with her parents and even sent money back to her native country from the wages she earned while working with the defendants. Finally, the complaint is void of any specific creditable allegations that Plaintiff was forced to come over to the USA from Paraguay. In fact, Plaintiff admits that her parents (Defendant Vargas' Brother and Sister-in-Law) were involved in arranging and consenting to having their daughter coming and live with the Defendants (Complaint ¶ 21).

Therefore, this court has ample reasons to dismiss the TVPA claims, also referred to as FIRST, SECOND and THIRD Causes of Action of the Complaint.

---

[1] Definition: to take somebody's property with authority, or appropriate property for personal use as if with authority.

4

## POINT II

### EQUITABLE TOLLING DOES NOT APPLY TO THE BATTERY CLAIM AGAINST DEFENDANT JULIO DIAZ

Plaintiff argues in opposing the dismissal of the alleged battery claim against Defendant Julio Diaz based on equitable tolling of the statute of limitations. Plaintiff sites non Second Circuit cases to attempt to make her argument, not one from the Eastern District of New York, Second Circuit, Supreme Court or New York law applying equitable tolling. Under federal law, equitable tolling, which "extends to circumstances beyond both parties control," *Sebelius v. Auburn Reg'l Med. Ctr.*, -U.S.-, 133 S. Ct. 817, 830, 184 L. Ed.2d 627 (2013), "halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct." *Fed. Prac. & Proc*. § 1056. This doctrine is rarely used in New York. However, the doctrines of equitable estoppel and equitable tolling can prevent a defendant from pleading the statute of limitations as a defense where, by fraud, misrepresentation, or deception, he or she had induced the plaintiff to refrain from filing a timely action. (*Simcuski v Saeli,* 44 NY2d 442 [2d Dept. 1978]; *Green v Albert,* 199 AD2d 465 [2d Dept. 1993]; *Gleason v Spota,* 194 AD2d 764 [2d Dept. 1993].) In some states like Maryland, equitable tolling only will be applied to "suspend the running of a statute of limitations … if the defendant holds out an inducement not to file suit or indicates that limitations will not be plead[ed].'" *Kumar v. Dhanda*, 198 Md. App. 337, 17 A. 3d 744, 754 (Md. Ct. Spec. App. 2011) (quoting *Philip Morris USA, Inc. v. Christensen*, 394 Md. 227, 905 A.2d 340, 349 (2006). Equitable tolling is applicable where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. *Kotlyarsky*

*v. N.Y. Post*, 195 Misc.2d 150, 757 N.Y.S.2d 703 (Sup. Ct. Kings Cty. 2003). "Equitable tolling seeks to excuse untimely filing by an individual plaintiff and is generally applicable where the plaintiff has been induced or tricked by the defendant's conduct into allowing the filing deadline to pass." *Adedje v. Westat, Inc.*, 214 Md.App. 1, 75 A.3d 401, 408 (Md. Ct. Spec. App. 2013). In the matter, Plaintiff has not shown any conduct by Defendant Julio Diaz that would prevent, wrongfully deceived or misled her from filing suit within the statute of limitations nor has Plaintiff shown any reasonable care and diligence per the federal statute which explains her delay. Therefore, Equitable Tolling does not apply and as such, the Statute of limitations of 1 year for Battery bars Plaintiff's claim against Defendant Julio Diaz.

## POINT III

## PLAINTIFF'S ALLEGED INCIDENT WITH DEFENDANT ADA DIAZ DOES NOT RISE TO A LEVEL OF BATTERY

The only allegation against Defendant Ada Diaz is of an incident which allegedly occurred on October 28, 2014 where Plaintiff admits being out all night and returning home at 5:30 a.m. Plaintiff alleges that her cousin, Defendant Ada Diaz pushed her. (Complaint ¶ 59). That's it! No more, no less. Under New York Law, the elements of civil battery are bodily contact, which is harmful or offensive in nature, and which is made with intent. *Merzon v. Cnty. of Suffolk*, 767 F. Supp. 432 (E.D.N.Y. 1991). The Complaint is void of any allegations that Plaintiff was injured, that Plaintiff was pushed to the ground, or **that there was any intent** to touch her in an offensive matter. In fact Plaintiff admits that Ada Diaz left her at home and

she went to work or injury to Plaintiff. In fact, Plaintiff admits that she when to the Police to get a "police escort" but never files a complaint with the police that she was allegedly battered by Ada Diaz. If an allegation of a simple "push" without intent qualifies as stating a cause of action in a civil law suit, this court will open the flood gates of allowing frivolous claims of civil battery without alleging any intent.

## POINT IV

## PLAINTIFF'S CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED

Contrary to Plaintiff's position in her opposition to the motion to dismiss, Plaintiff has not shown that she was in "constant fear of deportation and isolation from the community". In fact, Plaintiff was part of the Vargas and Diaz household giving the most important responsibility a parent can give to someone, the care and supervision of their children. Plaintiff lived with the Diaz family (her Cousins) for approximately 7 years. In those 7 years, she was giving the freedom to go out at night, take classes in English and computers, giving cell phone which Ada Diaz paid the monthly bill for, a computer in her private bedroom, internet service, access to Facebook, trips with the family and children, and freedom to communicate with her parents, sister, and friends. NOT ONCE DID SHE EVER TELL ANYONE that she was being forced to work for Ada Diaz (her cousin) or Maximina Vargas (her Aunt) and was suffering from any kind of emotional stress despite having ample opportunities to communicate this false

7

allegation to her mother, father, sister, friends, and any other relative. Clearly, this was a family environment where Plaintiff began to go out at night and not come home while in the care of Defendants Vargas and Ada Diaz out of respect for Plaintiff's parents who were not in the USA resulting in her becoming pregnant out of wedlock which caused emotional distress on the defendants and the rest of Plaintiff's family. The familial bond is clearly established by the Plaintiff in her complaint when she admits that her aunt spoke with her parents about allowing Plaintiff to come to the U.S.A. to work wherein Ada Diaz and Maximina Vargas would provide food, shelter, living arrangements, money and family atmosphere for her while she resided in the country. The Complaint is void of any treatment Plaintiff may have received for her alleged emotional distress, intentional or negligent infliction. Plaintiff sites cases that are clearly not factually on point to the allegations in this case. She was never isolated, deprived of any food or sleep, etc. She routinely when out with the children or on her own for personal reasons during her 7 years with the defendants. In fact, she was able to forge a serious relationship with another man and has or will have a baby with this individual as previously stated.

Consequently, Plaintiff has not stated a cause of action for either intentional or negligent infliction of emotional distress.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant its motion to partially dismiss Plaintiff's Complaint and enter judgment dismissing cause of actions "FIRST", "SECOND", THIRD", "TENTH", "ELEVENTH", and "TWELFTH" in this action, and grant such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
July 30, 2014

_____
Rocco G. Avallone, Esq.