UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

NILSA FRANCO,

        Plaintiff,

    -against-                              Case No.: **14-cv-1909(ILG)(RER)**

ADA DIAZ, JULIO DIAZ, and
MAXIMINA VARGAS,

        Defendants.
-------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO ADMIT PROPOSED AMENDED DEFAMATION / SLANDER PER SE COUNTERCLAIMS

                                          Avallone & Bellistri, LLP
                                          By: Rocco G. Avallone, Esq.
                                          Attorneys for the Defendants
                                          3000 Marcus Avenue, Suite 3E7
                                          Lake Success, N.Y. 11042
                                          (516)986-2500

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii


POINT I ...........................................................................................................................2

    DEFENDANTS' COUNTERCLAIMS OF DEFAMATION/SLANDER
    PER SE ARE LEGITIMATE AND SHOULD BE PERMITTED
    PURSUANT TO RULE 15(a) OF THE FEDERAL RULES OF CIVIL
    PROCEDURE………………………………………………………………….... 2


POINT II ..........................................................................................................................4

    DEFENDANTS' COUNTERCLAIM FOR DEFAMATION/SLANDER
    PER SE IS NOT PLEAD IN BAD FAITH…………………………………...…..4


POINT III………………………………………………………………………………..6

    DEFENDANTS' PROPOSED COUNTERCLAIM FOR
    DEFAMATION/SLANDER PER SE IS NOT FUTILE..……………………….6


CONCLUSION..............................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases:**                                                                                                                                    **Page**

Conley v. Gibson
355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80………………………………………………………….3,6

Foman v. Davis
371 U.S. 178,182 (1962)…………………………………………………………………………….2,3

Jacques v. Dimarzio
216 F. Supp.2d 139, 141 (E.D.N.Y. 2002)……………………………………………………………2

Link v. Wabash R. Co.
370 U.S. 626, 633-34 (1962)…………………………………………………………………………5

Moore v. Francis
121 N.Y. 199, 203, 23 N.E. 1127……………………………………………………………………6

Privitera v. Town of Phelps
79 A.D.2d 1, 3, 435 N.Y.S.2d 402……………………………………………………………………6

Youngbloods v. BMG Music
2011 WL 43510 (S.D.N.Y. 2011)………………………………………………………………….4,5


**Statutes:**

Rule 15 (a) of FRCP……………………………………………………………………………………2

# POINT I

## DEFENDANTS' COUNTERCLAIMS OF DEFAMATION/SLANDER PER SE ARE LEGITIMATE AND SHOULD BE PERMITTED PURSUANT TO RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 15(a) states that "…a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" (emphasis added). In the instant action, in order for justice to prevail, it requires that the court permit the Defendants to amend their answer to raise the legitimate counterclaims.

Plaintiff's counsel relies on *Foman v. Davis*, 371 U.S. 178,182 (1962) and the five factors considered when the court is presented with a decision as to whether to grant leave to amend. (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. In the instant action, as this action is in the infancy of the litigation, the court permitting the Defendants' leave to amend the Answer would cause no undue delay to Plaintiff. The counterclaims were not brought in bad faith, but as legitimate pleadings in which the Defendants' have the right to assert their claims before the court of law. The third prong is inapplicable as this is the first instance in which Defendants have requested to amend their pleading. With respect to the fourth prong, Plaintiff would not be unduly prejudiced by the court permitting the amended answer with counterclaims. Lastly, Plaintiff's counsel alleges that said pleadings in the amended answer are futile with no meaningful source. Plaintiff's counsel relies on *Jacques v. Dimarzio,* 216 F. Supp.2d 139, 141 (E.D.N.Y. 2002) however that matter is readily distinguishable from the case at bar in that in *Jacques* the employer filed a (clearly

retaliatory) counterclaim in the amount of $500,000 that was later reduced to $50,000. Moreover, that case dealt with counterclaims alleging Abuse of Process, Malicious Prosecution and Prima Facie Tort. In the instant matter we are concerned with Defamation / Slander Per Se which is again readily distinguishable from the above- referenced causes of action and will be discussed in greater detail below.

It should be noted by the court that this office was retained as counsel for Defendant's on June 5, 2014 *after* the original answer had already been filed by previous counsel and that in order to properly represent the interests of the Defendants' the court should permit the Defendant's to plead their counterclaims in order to "facilitate a proper decision on the merits." *Foman v Davis*, 371 US 178, 181-82, 83 S Ct 227, 230, 9 L Ed 2d 222 [1962].

It is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. *Foman v Davis*, 371 US 178, 181-82, 83 S Ct 227, 230, 9 L Ed 2d 222 [1962]   Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.

*Foman v Davis*, 371 US 178, 182, 83 S Ct 227, 230, 9 L Ed 2d 222 [1962] While Plaintiff's counsel relies on *Foman v. Davis*, 371 U.S. 178,182 (1962) she neglected to take note of the aforementioned portions of the *Foman* case.

3

Finally, as previously stated in Memorandum of Law in support dated June 9, 2014, the Statute of Limitations has not expired as to the Slander Per Se / Defamation claims against Plaintiff. As such, Defendants have a right to file such a claim in State Court.

## POINT II

### DEFENDANTS' COUNTERCLAIM FOR DEFMATION/SLANDER PER SE IS NOT PLEAD IN BAD FAITH

Plaintiff's counsel maintains that the proposed amended counterclaims were filed in bad faith and in retaliation for Plaintiff's commencement of the instant action. This could not be further from the truth. As discussed above, this office was not retained until June 5, 2014 – *after* Defendant's answer was filed by prior counsel. The counterclaims alleged in the proposed amended answer should have been plead by previous counsel and the reason for the prior attorney's discharge was because he was inexperienced in Federal Litigation and it became readily apparent to the Defendants' that they needed to seek experienced counsel in that regard. The counterclaim is not retaliatory in any way shape or form. It is a legitimate counterclaim that should have been asserted by prior counsel and the Defendants' should not be prejudiced by the inexperience and acts of previous counsel. Furthermore, this court has issued a Case Management Order wherein it states that "no amendment of the pleadings will be permitted after: 30 days after the completion of depositions. Defendants have noticed Plaintiff for her deposition for August 25, 2014. As such, this request to amend is clearly within the case management plan dated May 27, 2014.

Plaintiff's counsel cites *Youngbloods v. BMG Music*, 2011 WL 43510 (S.D.N.Y. 2011) as support for her claim of a tactical advantage. However, a reading of the case would show that

4

Plaintiff's mere assertion of bad faith is insufficient to sustain a claim of bad faith for seeking to amend the answer. As stated in *Youngbloods*, "a mere assertion of the plaintiff, that the defendant acted in bad faith when it filed its action in the California federal district court, *is not sufficient to demonstrate bad faith on the part of the defendant in filing the instant motion to amend its answer.* As mentioned above, limited discovery, if any, will not delay the litigation significantly in this or the related case and, without more, the Court is not convinced that the defendant is seeking leave to amend its answer solely to gain a tactical advantage." Youngbloods v BMG Music, 07 CIV 2394 GBD KNF, 2011 WL 43510 [SDNY Jan. 6, 2011]

Plaintiff later cites *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) in support of the claim that "Defendants are bound by the acts of their previous counsel." *Link* again is readily distinguishable from the case at bar in that in *Link* the petitioner's counsel failed to appear for a pretrial conference after receiving due notice of the scheduling of the pre-trial conference and the court could not now allow him to say that he could not have foreseen the consequences of his own default in attendance. The instant matter is distinguishable in that this matter is in the earliest stages (infancy) of litigation and Defendants in the exercise of their rights and best interests noticed their prior counsel's inexperience and sought alternative experienced counsel. The Defendants should not be prejudiced for seeking new counsel to properly represent their rights, interests and defenses against the false allegations raised by the Plaintiff. Rather, the court should permit the legitimate counterclaims in the interest of justice in order to allow this matter to be decided on the merits of the case. In opposition to Plaintiff's position that Defendants are "bound by the acts of previous counsel" is the fact that 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to

the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80.

## POINT III

### DEFENDANTS' PROPOSED COUNTERCLAIM FOR DEFAMATION/SLANDER PER SE IS NOT FUTILE

Plaintiff alleges that Defamation Per Se is futile and alleges that the claim "entirely misunderstands" the nature of defamation per se claims. As this court is well aware, there are four established exceptions (collectively "slander per se") which consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman (*see, Moore v. Francis,* 121 N.Y. 199, 203, 23 N.E. 1127; *Privitera v. Town of Phelps,* 79 A.D.2d 1, 3, 435 N.Y.S.2d 402 [Simons, J.]; Civil Rights Law § 77; 2 Seelman, Libel and Slander in the State of New York, at 869–907 [1964]; Restatement §§ 570–573; Smolla, Defamation § 7.05). When statements fall within one of these categories, the *law presumes that damages will result*, and they need not be alleged or proven.

In the instant matter, defendant Julio Diaz can undeniably sustain a claim of Defamation/Slander Per Se as Plaintiff in this action published the defamatory statements falsely accusing/charging Defendant Julio Diaz of attempted rape – a serious crime. A serious crime that Plaintiff knows did not occur. Plaintiff published the slanderous and defamatory statements per se to the police (Julio's co-workers).

It should be noted by the court that subsequent to publishing these false and defamatory statements that no formal charges were ever filed against Defendant Julio Diaz. In fact, he was never even questioned with respect to the false allegation of attempted rape.

Plaintiff's counsel maintains that the counterclaims for Defamation brought against crime victims are detrimental to public policy, to which I too would subscribe to, however the main issue is that in the instant matter, the Plaintiff in *not* a crime victim. She was not raped by Defendant Julio Diaz and the lack of prosecution for the alleged attempted rape should allow the court to draw the inference that the NYPD did not believe that this was a legitimate claim of attempted rape in that it would have warranted further investigation. It should be noted by the court that formal charges were never filed against Defendant Julio Diaz and the Plaintiff's false claim of attempted rape was not brought to the NYPD's attention until October 28, 2013 (when Plaintiff claimed that the alleged attempted rape occurred sometime in April of 2012). Not a shred of factual basis has come to light with respect to the alleged attempted rape and the court should draw the inference given the significant amount of time that transpired from the date of the alleged occurrence (April 2012) to the date that Plaintiff saw fit to bring her false claim to the attention of the NYPD (October 28, 2013). In the interest of justice the counterclaims should be permitted to remain in order to resolve this matter on the merits and to "smoke out" the truth through the course of litigation. The court should not take heed to Plaintiff's broad self-serving statements wherein she paints legitimate counterclaims as mere retaliatory measures.

Plaintiff on page 14 of her opposition papers states that "the filing of the complaint triggered the Defendants to file a defamation suit against the Plaintiff, possibly dissuading any other individuals in the *same situation* from exerting their rights in making a charge of discrimination. I must ask what possible other similarly situated individuals could Plaintiff be referring to? Plaintiff in this action is a cousin who was employed by Defendant Ada Diaz and in the last year of her employ with Defendant was being paid $800.00 a month, was provided with free room and board, free internet access, access to the family computer, facebook, and a

7

mobile phone. Moreover, Defendant Ada Diaz paid for Plaintiff's English classes so that she could more readily assimilate herself and Plaintiff was free to come and go as she pleased. Clearly, what has been described above surely does not sound of human trafficking or anything in the like. The plaintiff in this matter was treated as family, which she is, and unfortunately has brought this action in order to secure immigration benefits and protection under the law until the time that she can give birth to her unborn child which at that point will be an American Citizen and will give her a stronger argument in the immigration context to remain in the United States. We respectfully request that the court take note of the benefits sought by the Plaintiff in circumventing the proper immigration channels and bringing this frivolous lawsuit against Defendant's whom welcomed the Plaintiff into their home and treated her as family.

## CONCLUSION

Wherefore, Defendants respectfully request that the court grant defendants' motion to amend their Answer with Counterclaims, along with such other and further relief as this court deems just and proper.

Dated: July 30, 2014

_____
Rocco G. Avallone, Esq.