# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
NILSA FRANCO,

                        Plaintiff,

              -against-

ADA DIAZ, JULIO DIAZ, and MAXIMINA
VARGAS,

                     Defendants.
-----------------------------------------------------------------X

Docket No: 1:14-cv-01909 (ILG)(RER)

**AMENDED ANSWER**
**WITH COUNTERCLAIMS**

       Defendants ADA DIAZ, JULIO DIAZ and MAXIMINA VARGAS (hereinafter collectively referred to as "Defendants") by and through their attorneys, AVALLONE & BELLISTRI, LLP, as and for their Answer with Counterclaims to the plaintiffs Complaint, states as follows:

## PRELIMINARY STATEMENT

    1.     Paragraph 1 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and therefore deny same.

    2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

    3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

    4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

    5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint.

1

## JURISDICTION AND VENUE

6.       Paragraph 6 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and therefore deny same.

7.       Paragraph 7 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore deny same.

8.       Paragraph 8 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore deny same.

## THE PARTIES

### Plaintiff

9.       Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of plaintiff's Complaint and therefore deny same.

10.       Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of plaintiffs Complaint and therefore deny same.

11.     Defendants admit that plaintiff assisted in the caretaking of defendants Ada Diaz and Julio Diaz's children from in or around July 2007 until on or about October 28, 2013. Defendants deny each and every other allegation contained in Paragraph 11 of plaintiff's Complaint.

**Defendants**

12.     Defendants admit the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of the plaintiffs Complaint.

16.     Defendants admit that from July 2007 to on or about October 28, 2013, defendant Ada Diaz paid the plaintiff prevailing wages commensurate with the time spent performing her duties as a caretaker.  Defendants deny each and every other allegation contained in Paragraph 16 of the plaintiff's Complaint.

17.     Defendants deny the allegations contained m Paragraph 17 of the plaintiffs Complaint.

18.     Paragraph 18 of the plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and therefore deny same.

3

19.     Paragraph 19 of the plaintiffs Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and therefore deny same.

## FACTS

### Background:

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity ofthe allegations contained in Paragraph 20 of the plaintiff's Complaint and therefore deny same.

21.     Defendants admit the allegations contained in Paragraph 21 of the plaintiff's Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the plaintiff's Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the plaintiff's Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the plaintiff's Complaint.

25.     Defendants admit that the plaintiff entered the United States on a visa on or about April 10, 2007.  Defendants deny each and every other allegation contained in Paragraph 25 of the plaintiff's Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the plaintiff's Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the plaintiff's Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the plaintiff's Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the plaintiff's Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the plaintiff's Complaint.

**Working Conditions:**

31.     Defendants deny the allegations set forth in Paragraph 31 of the plaintiff's Complaint.

32.     Defendants admit that on September 13, 2007 their second child was born. Defendants deny each and every other allegation contained in Paragraph 32 of the plaintiffs Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the plaintiff's Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the plaintiff's Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the plaintiff's Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the plaintiff's Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the plaintiff's Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the plaintiff's Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the plaintiff's Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the plaintiff's Complaint.

**Abuse:**

41.     Defendants deny the allegations set forth in Paragraph 41 of the plaintiff's Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the plaintiff's Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the plaintiff's Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the plaintiff's Complaint and therefore deny same.

45.     Defendants deny the allegations set forth in Paragraph 45 of the plaintiff's Complaint.

**Attempted Rape:**

46.     Defendants admit the allegations contained in Paragraph 46 of the plaintiff's Complaint.

47.     Defendants deny the allegations contained In Paragraph 47 of the plaintiff's Complaint.

48.     Defendants deny the allegations contained In Paragraph 48 of the plaintiff's Complaint.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the plaintiff's Complaint and therefore deny same.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the plaintiff's Complaint and therefore deny same.

51.     Defendants admit the allegations contained in Paragraph 51 of the plaintiff's Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the plaintiff's Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of the plaintiff's Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the plaintiff's Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the plaintiff's Complaint.

56.     Defendants admit that on the evening of October 27, 2013, the Plaintiff did not return to the Diaz's home.  Defendants deny each and every other  allegation contained in Paragraph 56 of the plaintiff's Complaint.

57.     Defendants admit that the plaintiff arrived at the defendant Ada Diaz and Julio Diaz's home on October 28, 2013 at or around 5:30 am. Defendants deny each and every other allegation contained in Paragraph 57 of the plaintiff's Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the plaintiff's Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the plaintiff's Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the plaintiff's Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the plaintiff's Complaint and therefore deny same.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the plaintiff's Complaint and therefore deny same.

63.     Defendants admit that on October 28, 2013 police officers came to the

Defendants' home.  Defendants deny each and every other allegation contained in Paragraph 63

of plaintiff's Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the plaintiff's

Complaint.

**Continued Threats:**

65.     Defendants deny the allegations contained in Paragraph 65 of the plaintiff's

Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the plaintiff's

Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the plaintiff's

Complaint.

**FIRST CAUSE OF ACTION**
**For Forced Labor Under the Trafficking Victims Protection Reauthorization Act**
**(All Defendants)**

68.     Defendants restate and incorporate by reference its responses to Paragraphs 1-67

of the plaintiff's Complaint as if fully set forth herein.

69.     Paragraph 69 of the plaintiff's Complaint calls for a legal conclusion to which no

response is required.  To the extent a response is necessary, Defendants are without knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 69 and therefore deny same.

8

70.     Paragraph 70 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 and therefore deny same.

71.     Defendants deny the allegations contained in Paragraph 71 of the plaintiff's Complaint.

72.     Defendants deny the allegations contained m Paragraph 72 of the plaintiff's Complaint.


### SECOND CAUSE OF ACTION
**For Trafficking into Involuntary Servitude or Forced Labor Under the Trafficking Victims Protection Reauthorization Act
(All Defendants)**

73.     Defendants restate and incorporate by reference its responses to Paragraphs 1-72 of the plaintiffs Complaint as if fully set forth herein.

74.     Paragraph 74 of the plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 and therefore deny same.

75.     Paragraph 75 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 and therefore deny same.

76.     Paragraph 76 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 76.

77.     Paragraph 77 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 77.

78.     Paragraph 78 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 78.

**THIRD CAUSE OF ACTION**
**For Unlawful Conduct with Respect to Documents in furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor Under the Trafficking Victims Protection Reauthorization Act**
**(Defendant Maximina Vargas)**

79.     Defendants restate and incorporate by reference its responses to Paragraphs 1-78 of the plaintiff's Complaint as if fully set forth herein.

80.     Paragraph 80 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 and therefore deny same.

81.     Paragraph 81 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 and therefore deny same.

82.      Paragraph 82 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny allegations contained in Paragraph 82.

83.      Defendants deny the allegations contained in Paragraph 83 of the plaintiff's Complaint.

84.      Paragraph 84 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 84.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Minimum Wage Under The FLSA
### (Defendants Ada Diaz and Julio Diaz)

85.      Defendants restate and incorporate by reference its responses to Paragraphs 1-84 of the plaintiff's Complaint as if fully set forth herein.

86.      Paragraph 86 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 and therefore deny same.

87.      Paragraph 87 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88 of the plaintiff's Complaint.

89.     Paragraph 89 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 89.

**FIFTH CAUSE OF ACTION**
**For Failure to Pay Minimum Wage Under the NYLL**
**(Defendants Ada Diaz and Julio Diaz)**

90.     Defendants restate and incorporate by reference its responses to Paragraphs 1-89 of the plaintiff's Complaint as if fully set forth herein.

91.     Paragraph 91 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 and therefore deny same.

92.     Paragraph 92 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny allegations contained in Paragraph 92.

93.     Defendants deny the allegations contained in Paragraph 93 of the plaintiff's Complaint.

94.     Paragraph 94 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 94.

### SIXTH CAUSE OF ACTION
#### For Failure to Pay Overtime Wages Under the NYLL
#### (Defendants Ada Diaz and Julio Diaz)

95.    Defendants restate and incorporate by reference its responses to Paragraphs 1-94 of the plaintiff's Complaint as if fully set forth herein.

96.    Paragraph 96 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 and therefore deny same.

97.    Paragraph 97 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 97.

98.    Defendants deny the allegations contained in Paragraph 98 of the plaintiff's Complaint.

99.    Paragraph 99 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 99 and therefore deny same.

### SEVENTH CAUSE OF ACTION
#### For Failure to Pay Spread of Hours Under the NYLL
#### (Defendants Ada Diaz and Julio Diaz)

100.    Defendants restate and incorporate by reference its responses to Paragraphs 1-99 of the plaintiff's Complaint as if fully set forth herein.

101.    Paragraph 101 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 and therefore deny same.

102.    Defendants deny the allegations contained in Paragraph 102 of the plaintiff's Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the plaintiff's Complaint.

104.    Paragraph 104 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 104 and therefore deny same.


**EIGHTH CAUSE OF ACTION**
**For Failure to Pay Wages Under the NYLL**
**(Defendants Ada Diaz and Julio Diaz)**

105.    Defendants restate and incorporate by reference its responses to Paragraphs 1-104 of the plaintiff's Complaint as if fully set forth herein.

106.    Paragraph 106 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 and therefore deny same.

107.    Defendants deny the allegations contained in Paragraph 107 of the plaintiff's Complaint.

14

108.     Paragraph 108 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 108.

109.     Paragraph 109 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 109.

110.     Defendants deny the allegations contained in Paragraph 110 of the plaintiff's Complaint.

111.     Paragraph 111 of the plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 111.

## NINTH CAUSE OF ACTION
### For Failure to Provide Notice at Payment Under the NYLL
### (Defendants Ada Diaz and Julio Diaz)

112.     Defendants restate and incorporate by reference its responses to Paragraphs 1-111 of the plaintiff's Complaint as if fully set forth herein.

113.     Paragraph 113 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 113 and therefore deny same.

114.     Defendants deny the allegations contained in Paragraph 114 of the plaintiff's Complaint.

115.    Paragraph 115 of the plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 115.

## TENTH CAUSE OF ACTION
### For Intentional Infliction of Emotional Distress
### (All Defendants)

116.    Defendants restate and incorporate by reference its responses to Paragraphs 1-115 of the plaintiff's Complaint as if fully set forth herein.

117.    Defendants deny the allegations contained in Paragraph 117 of the plaintiff's Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the plaintiff's Complaint.

119.    Paragraph 119 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 119.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 120 and therefore deny same.

121.    Paragraph 121 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 121.

**ELEVENTH CAUSE OF ACTION**
**For Negligent Infliction of Emotional Distress**
**(All Defendants)**

122.    Defendants restate and incorporate by reference its responses to Paragraphs 1-121 of the plaintiff's Complaint as if fully set forth herein.

123.    Paragraph 123 of the plaintiff's Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 123.

124.    Paragraph 124 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 124.

125.    Paragraph 125 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 125.

126.    Paragraph 126 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 126.

**TWELFTH CAUSE OF ACTION**
**For Battery**
**(Defendants Ada Diaz and Julio Diaz)**

127.    Defendants restate and incorporate by reference its responses to Paragraphs 1-126 of the plaintiff's Complaint as if fully set forth herein.

128.    Defendants deny the allegations contained in Paragraph 128 of the plaintiff's Complaint.

129.    Paragraph 129 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 129.

130.    Paragraph 130 of plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 130.

131.    Paragraph 131 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 131.

132.    Defendants deny the allegations contained in Paragraph 132 of the plaintiff's Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the plaintiff's Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the plaintiff's Complaint.

135.    Paragraph 135 of the plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 135.

136.    Paragraph 136 of the plaintiffs Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 136.

## RESPONDING TO PRAYER FOR RELIEF

The Defendants deny all statements and allegations set forth in the Complaint's Prayer for Relief as subparagraphs (1) - (13). Further responding, the Defendants deny any and all other allegations in the Complaint not previously admitted, denied, or otherwise responded to in this Answer.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff has brought this claim without conducting a good faith inquiry into the validity of the cause of action. This claim has been brought in bad faith and without substantial justification.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred, in whole or in part, as they are preempted by Federal statutes and/or regulations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any alleged acts or omissions by Defendants were undertaken or made in good faith and

in conformity with, and in reliance on, written administrative regulations, orders, rulings, or

interpretations of the Administrator of the Wage and Hour Division of the Department of Labor,

other federal agencies, state agencies, or the courts.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Defendants engaged in willful conduct within the meaning

of the FLSA or NYLL.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendants did not know or show reckless disregard for whether their conduct was

prohibited by the FLSA or NYLL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of

Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for

believing that their acts or omissions did not violate the FLSA or NYLL.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any costs of this proceeding or attorneys' fees from

Defendants because Defendants have complied with the requirements of the FLSA or NYLL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants assert the defenses of acquiescence and/or ratification.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections and limitations of the FLSA or NYLL.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all time worked.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA or NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages not recoverable under the FLSA or NYLL, Plaintiff is barred from such recovery.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA or NYLL.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants complied with all record keeping requirements of the FLSA or NYLL.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

## AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to amend its Answer as discovery progresses to plead additional defenses.

## JURISDICTION AND VENUE

1.      The Court has supplemental jurisdiction over the Defendants' counterclaims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTERCLAIMS

3.      In or around December 2006, the plaintiff was working for the defendant Maximina Vargas as a housekeeper in Paraguay when defendant Maximina Vargas discussed the possibility of petitioning for a temporary work visa to have the plaintiff assist her if she decided to undergo surgery on her knee.

4.      On February 15, 2007, defendant Maximina Vargas underwent total knee replacement on her right knee. Due to certain medical complications, her recovery period was longer than expected and required the assistance.

5.      Defendant Maximina Vargas petitioned for the plaintiff's temporary work visa to assist her with household chores and personal hygiene assistance during this recovery period-ultimately with the intent of having the plaintiff return to Paraguay.

6.      Contrary to Paragraph 22 of the plaintiff's Complaint, the plaintiff was granted a temporary work visa to assist in the caretaking of defendant Maximina Vargas not defendants Ada Diaz and Julio Diaz's children.

7.      Contrary to Paragraphs 22 and 23 ofthe plaintiffs Complaint, defendant Maximina Vargas, not defendants Ada Diaz or Julio Diaz, applied for the plaintiffs H-IB Visa and paid the related costs.

8.      Upon information and belief, the plaintiff was provided with notices concerning prevailing wages during the H-IB application process and during her interview at the United States Embassy in Paraguay.

9.      Plaintiff arrived in the United States on or about April 10, 2007 and began to assist defendant Maximina Vargas.

10.     At all times relevant, defendant Maximina Vargas paid the plaintiff prevailing wages in accordance with Federal and State statutes and/or regulations.

11.     Plaintiff worked approximately 40 hours per week caring for defendant Maximina Vargas.

23

12.     Contrary to Paragraphs 26 and 82 of the plaintiff's Complaint, plaintiff Nilsa Franco lost her passport in or around May 2007. The plaintiff and Defendants contacted the Paraguayan Consulate shortly after the loss and were advised that a police report was required to obtain a replacement passport.

13.     Plaintiff had no desire to pursue a placement passport and refused to file a police report.

14.     After defendant Maximina Vargas' recovery, the plaintiff was notified that her services were no longer necessary and that she would need to return to her home country of Paraguay.

15.     Upon learning that she would have to return to Paraguay, the plaintiff became extremely emotional, started to cry uncontrollably and pleaded with defendant Maximina Vargas to allow her to stay in the United States.

16.     Upon information and belief, the plaintiff did not wish to return to Paraguay as her living conditions were deplorable and she was extremely happy residing in defendant Maximina Vargas's home.

17.     The plaintiff refused to leave the United States and offered instead to render child care services to defendants Ada Diaz and Julio Diaz.

18.     Although defendant Ada Diaz already had a child care provider, she felt sorry for the plaintiff and accepted her offer.

19.     Plaintiff began providing child care services for the Diaz's children in July 2007.

24

20.    At all times relevant, defendant Ada Diaz paid the plaintiff prevailing wages in accordance with Federal and State statutes and/or regulations.

21.    Plaintiff worked approximately 40 hours per week caring for the children of defendants Ada and Julio Diaz.

22.    Additionally, the plaintiff received 2 weeks paid vacation in 2012 and three weeks paid vacation in 2013.

23.    In July 2007, the plaintiff was given a private room and a set of keys to the Diaz's residence and began rendering child care services for their children.

24.    Contrary to Paragraphs 43 and 83 of the plaintiff's Complaint, the plaintiff was free to come and go from the Diaz's residence as she pleaded without restriction and did so regularly.

25.    Defendant Ada Diaz provided the plaintiff with her own cellular phone and paid most of her daily expenses, including, but not limited to, food, clothing, personal items, calling cards, and allowed her access to their internet connection at the home.

26.    In addition to the aforesaid living expenses, from 2011 through 2013 the defendant Ada Diaz enrolled the plaintiff in English classes offered by the Queen of Angels Roman Catholic Church in Sunnyside, Queens.

27.    Contrary to Paragraph 10 of the plaintiffs Complaint, the plaintiff attended the English classes every Tuesday from 6pm to 9pm, receiving weekly homework assignment and tests, as well as, several accolades which included an award for 100% attendance and recognition for her high test scores.

25

28.     Plaintiff further participated in several free NYC Board of Education computer workshops during the school year offered at P.S. 150 in Queens.

29.     Plaintiff frequently visited the NYC Public Libraries in Sunnyside and Woodside, Queens.  Plaintiff also frequented Musicalisimo, a retail music store in Sunnyside, Queens, where she would download music in addition to other music stores located in the Jackson Heights and Elmhurst areas of Queens.

30.     Contrary to Paragraph 43 of the plaintiff's Complaint, the plaintiff would also meet with friend for free summer events and concerts in Flushing Meadow Park.  The plaintiff regularly went on dates with men in the evenings and during the weekend as she pleased and without restriction.

31.     Since her arrival in the United States in 2007, the plaintiff has kept in constant contact with her family members and friends in Paraguay, Argentina and Spain via telephone, Skype, text message and Facebook.

32.     Additionally, the plaintiff would regularly visit with multiple immediate family members who resided within a 4 block radius of the Diaz's residence.

33.     Contrary to Paragraph 36 and 37 of the plaintiffs Complaint, the plaintiff was offered to eat dinner with the Diaz family every evening but at times would decline.

34.     In the months leading up to October 28, 2013, defendant Ada Diaz began noticing the plaintiff's behavior became increasingly erratic.

35.     Contrary to Paragraph 33 of the plaintiff's complaint, in or around September 2013, the plaintiff began spending most of her work days with her new boyfriend while neglecting the Diaz's children.

36.     Moreover, on multiple occasions, the plaintiff would take the Diaz's children to her boyfriend's apartment without notifying the defendant Ada Diaz.

37.     During this time, the Diaz's children (ages 7, 6, and 22 months) began exhibiting inappropriate sexual behaviors presumably after viewing the plaintiff and her boyfriend engaging in sexual activities in front of them.

38.     On Sunday, October 27, 2013, the plaintiff left the Diaz's residence with the children at approximately 10:00 am to attend mass at Queen of Angels Roman Catholic Church, returning at around 11:45 am.

39.     After her return from mass, the plaintiff notified defendant Ada Diaz that she intended to leave the home for the afternoon but would be returning that evening.

40.     In the evening of October 27, 2013, the defendant Ada Diaz sent several text messages to the plaintiff, all of which went unanswered.

41.     Concerned with the plaintiffs safety, defendant Ada Diaz attempted to contact the plaintiff several more times between 7:00 pm and 10:00 pm that evening. At approximately 10:00 pm the plaintiff turned her phone off.

42.     On Monday, October 28, 2013, at or around 5:11 am, the defendant Ada Diaz called the plaintiff on her mobile phone. The plaintiff did not respond to the phone call but did send the defendant Ada Diaz a text message stating that she had fallen asleep in the garage.

43.     Responding to the plaintiff, defendant Ada Diaz walked down to the garage and discovered the plaintiff staring at the ceiling of the garage.

44.     Upon information and belief, the Plaintiff waited for the defendant Ada Diaz to leave for work, packed up several of defendant Ada Diaz's belongings and left the home.

45.     Later that afternoon, defendant Ada Diaz returned home at approximately 5:10pm to find four police cars in front of her residence.

46.     Defendant Ada Diaz was escorted to the 108th Precinct and advised that the plaintiff had filed a criminal complaint against defendant Julio Diaz for purportedly raping her over a year earlier in April 2012.

47.     Said complaint that she was raped and abused was false.

48.     At no point between April 2012 and October 28, 2013 did the plaintiff report this alleged rape to the authorities despite having the personal mobile phone number of an active duty NYPD officer with whom she had spoken to on occasion via text message.

49.     After answering the officer's questions, defendant Ada Diaz was released and returned to her home.

50.     Defendant Julio Diaz was not questioned by NYPD officers in connection with the alleged incident.

51.     The false criminal charge of rape by Plaintiff was documented by the NYPD and is contained within defendant Julio Diaz's personnel file.

52.     As result of said publication by plaintiff, defendant Julio Diaz's career with the NYPD has been detrimentally tarnished.

53.     Plaintiff knew that by making false allegations against Defendants would at the very least subject them to an investigation, interrogation, and potentially serious criminal charges.

54.     As a result of the false statements made by Plaintiff to the police, Defendants Ada and Julio Diaz suffered mental and emotional distress, humiliation and embarrassment throughout the community, neighborhood and within their family.

55.     Upon information and belief, on or about October 30, 2013, detectives from the Special Victims Unit interviewed the neighbors residing in the apartment below the Diaz residence.

28

56.     Soon after the neighbors were questioned by the NYPD, Defendants were questioned by their neighbors causing extreme embarrassment and humiliation.

57.     Upon information and belief, the plaintiff now resides with her boyfriend two blocks from the Diaz's residence.

**AS AND FOR A FIRST COUTERCLAIM**
**For Libel, Slander and Defamation of Character**

58.     Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 57 as if fully set forth herein.

59.     That on October 28, 2013 Plaintiff, Nilsa Franco spoke to the NYPD and falsely accused Defendant, Julio Franco of rape and battery and defendant Ada Franco of assaulting her.

60.     Plaintiff maliciously and unnecessarily spoke to the New York City Police officers and accused Defendants of the aforementioned criminal offenses intending to ruin the Defendant's good name and reputation and subjecting them to criminal prosecution.

61.     The words spoken by Plaintiff were entirely false and unfounded, and the Plaintiff knew they were false.

62.     Plaintiff knew that Defendants did not batter, assault, rape or attempt to rape her.

63.     Plaintiff uttered the words with the intention of injuring Defendants in their profession and reputation.

64.     As a result of the Plaintiff's defamatory statements, Defendants' good name, character and reputation as a Police Officer and an Executive Assistant, respectively and as individuals having Defendants held up to ridicule and contempt by their family members, friends, neighbors, acquaintances, professional associates and by the public at large.

65.     Plaintiff's defamatory statements about the Defendants were published to third parties, Defendant Julio Diaz's co-workers at the NYPD and to neighbors.

29

66.     Plaintiff's statements are slanderous per se, as Plaintiff's statements involve accusations of the commission of a crime.

67.     Defendant's slanderous per se defamatory statements are actionable without proof of special damages.

68.     As a result, defendants Julio and Ada Diaz have suffered damages to their reputation, and good name and suffered extreme emotional distress.


## RELIEF REQUESTED

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiff's Complaint together with the following relief:

a)      On the first counterclaim against the plaintiff, an award of compensatory damages in the amount to be proven at trial, together with punitive damages and reasonable attorneys' fees;

b)      Costs and disbursements of this action;

c)      Such other relief as this Court may deem just and proper.

Dated:  October 17, 2014


Yours, etc.

AVALLONE & BELLISTRI, LLP

*Attorneys for Defendants*
3000 Marcus Avenue, Suite 3E07
Lake Success, NY 11042
Tel:    (516) 986-2500
Fax:    (516) 986-2501

30

To:    Catholic Migration Service
        Alice Davis, Esq.
        Attorney for Plaintiff
        47-01 Queens Blvd., Suite 203B
        Sunnyside, NY 11104

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK  )

                          : ss.:

COUNTY OF NASSAU   )


        ROCCO AVALLONE, being duly sworn says, I am not a party to the action, am over 18 years of age and reside in the County of Suffolk, State of New York.

        On October 17, 2014, I served a true copy of the within Defendants' Amended Answer with Counterclaim  mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the addressee as indicated below:

Alice Davis, Esq.
Catholic Migration Services
47-01 Queens Blvd., Suite 203B
Sunnyside, NY 11104


                                        ROCCO AVALLONE


Sworn to before me this
17th day of October, 2014

        NOTARY PUBLIC

Alexander Tapia
Notary Public, State of NY
01TA6140784
Qualified in Suffolk County
Certificate Filed in NY County
Comission Expires: 2/13/2016